UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHON HOUSTON, 316461,

    Petitioner,

v.

NICK LUDWICK,

    Respondent.

_____/

CASE NO: 2:08-CV-10963
HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE
HONORABLE VIRGINIA M. MORGAN
UNITED STATES MAGISTRATE JUDGE

**Answer to Petition for Writ of Habeas Corpus**

**Statement of the Case**

Respondent holds Petitioner in custody under the authority of a April 22, 2003, Judgment of Sentence imposing a life sentence as well as several lesser sentences. The sentence results from a Wayne Circuit Court jury trial conviction of first-degree murder, felon in possession of a firearm, and felony-firearm. Petitioner challenges his confinement on the following grounds:

1. Erroneous admission of "flight" evidence.

2. Prosecutor vouched for the credibility of his witness.

3. Ineffective assistance of trial counsel: failed to object to misconduct, failed to object to flight evidence, failed to present manslaughter defense, and failed to have Petitioner testify.

4. Insufficient evidence of premeditation and deliberation was presented.

5. Cumulative error.

6. Ineffective assistance of appellate counsel for failing to raise the above issues.

7. Erroneous admission of prior bad acts evidence.

      8.  Erroneous jury instruction on the causation element of first-degree murder.

      The petition must be denied because Petitioner's first six claims are barred by his procedural default of failing to raise them in his direct appeal, and the State court's invocation of M.C.R. 6.508(D) as a procedural basis for denying review of these claims.  Petitioner's seventh claim cannot be supported by clearly established Supreme Court law.  The Supreme Court has never held that the admission of prior bad acts evidence might render a trial unfair.  Finally, Petitioner waived review of his final claim when he expressed satisfaction with the jury instructions.

**Statement Regarding Exhaustion of State Court Remedies**

Following his conviction and sentence, Petitioner appealed to the Michigan Court of Appeals raising the two claims that now form his seventh and eighth habeas claims. The Court of Appeals affirmed Petitioner's conviction and sentence. *People v. Houston*, Mich. Ct. App. No. 248742 (November 9, 2004). Petitioner's application to the Supreme Court was also denied. *People v. Houston*, Mich. Sup. Ct. No. 127674 (May 31, 2005).

Petitioner then filed a Motion for Relief from Judgment in the trial court, alleging what are now his first six grounds for relief. The trial court denied Petitioner's motion in an opinion issued November 15, 2006. Petitioner appealed this decision to the Court of Appeals, but the application was denied "for failure to meet the burden of establishing entitlement to relief under M.C.R. 6.508(D)." *People v. Houston*, Mich. Ct. App. No. 275644 (June 18, 2007). Petitioner's appeal to the Michigan Supreme Court was denied on the same grounds. *People v. Houston*, No. Mich. Sup. Ct. No. 134618 (December 28, 2007).

**Response to Allegations in the Petition**

I.   **Review of Petitioner's first through sixth claims is barred by his failure to present them to the state courts during his appeal of right, and his failure to demonstrate cause to excuse his default.**

Petitioner's first six claims were presented to the state courts during Petitioner's motion for relief from judgment and subsequent appeal. Both state appellate courts denied Petitioner relief with respect to these claims by using the common form order stating that the appeal was denied "for failure of the defendant to meet the burden of establishing entitlement to relief under M.C.R. 6.508(D)."

It is well-established in this circuit that the procedural bar set forth in Rule 6.508(D) constitutes an adequate and independent ground on which the Michigan Supreme Court may rely in foreclosing review of federal claims. *Howard v. Bouchard*, 405 F.3d 459, 477 (6th Cir. 2005).

In *Burroughs v. Makowski,* 282 F.3d 410, 413-414 (6th Cir. 2002), the Court considered the form order used by the state appellate courts here and found that it presented a sufficient explanation that the ruling was based on the failure to comply with a state procedural rule. See also: *McFarland v. Yukins,* 356 F.3d 688, 697-698 (6th Cir. 2004); *Simpson v. Jones*, 238 F.3d 399, 407-408 (6th Cir. 2000); *Gonzales v. Elo*, 233 F.3d 348 (6th Cir. 2000); *Luberda v. Trippett*, 211 F.3d 1004 (6th Cir. 2000).

Where a state court denies relief on independent and adequate state procedural grounds, as the state courts did here, a prisoner may only obtain habeas review of such claims if he can establish "cause and prejudice" or that the failure to review the claims would result in a "fundamental miscarriage of justice." *Strickler v. Greene*, 527 U.S. 263 (1999).

In order to establish "cause," to excuse his default, a habeas petitioner must establish that some objective factor external to his defense prevented him from complying with the state procedural rule. *Murray v. Carrier*, 477 U.S. 478 (1986).

4

Here, Petitioner asserts in his sixth claim that the ineffectiveness of his appellate counsel constitutes cause to excuse his failure to raise these claims during his appeal of right. First, in order for attorney error to constitute cause, it must rise to the level of ineffective assistance of counsel under the standard of *Strickland v. Washington*, 466 U.S. 668 (1984). *Byrd v. Collins*, 209 F.3d 486 (6th Cir. 2000).

Petitioner's appellate counsel raised two issues in his appeal of right in the Michigan Court of Appeals. While Petitioner's appellate counsel did not raise every conceivable claim, the Supreme Court had held that failure to raise every colorable argument does not constitute ineffective assistance of counsel: "A brief that raises every colorable issue runs the risk of burying good arguments – those that, in the words of the great advocate John W. Davis, 'go for the jugular' – in a verbal mound made up of strong and weak contentions." *Jones v. Barnes*, 463 U.S. 745, 753 (1983). It should be noted that Petitioner claims in paragraph 5(a) of his petition that his appeal of right claims were "extremely strong," and he still advances those claims in this petition. So Petitioner may not, with consistency, argue that his appellate counsel did not raise substantial claims. Appellate counsel's actions here of excluding the claims raised in the motion for relief from judgment in favor of others was a strategic decision and does not constitute ineffective assistance of counsel.

Petitioner is required to show that his appellate attorney was so thoroughly ineffective that defeat was "snatched from the jaws of victory." *United States v. Morrow*, 977 F.2d 222, 229, (6th Cir. 1992) (*en banc) cert. Den.,* 508 U.S. 975 (1993); *West v. Seabold*, 73 F. 3d 81, 94 (6th Cir. 1996). Petitioner has simply failed to show that his appellate attorney's inadequacy deprived him of victory.

5

Therefore, because Petitioner procedurally defaulted his claims by failing to present them to the state courts in a timely filed appeal of right, and because Petitioner is unable as a matter of law to show cause and prejudice, review of his claims is barred and the petition must be denied.

**II.     Petitioner's seventh claim that prior bad acts was improperly admitted does not present a claim that is cognizable in this action.**

Petitioner's second claim asserts that the trial court erred in allowing the prosecutor to present evidence that Petitioner had previously assaulted one of the prosecutor's witnesses. The trial court admitted the evidence pursuant to M.R.E. 404(b). Petitioner has articulated no valid theory by which the admission of the evidence implicates his Federal Constitutional rights.

In *Bugh v. Mitchell*, 329 F.3d 496 (6th Cir. 2003), the Court held:

> There is no clearly established Supreme Court precedent which holds that a state violates due process by permitting propensity evidence in the form of other bad acts evidence. In *Estelle v. McGuire*, the Supreme Court declined to hold that the admission of prior injury evidence violated due process, thus warranting habeas relief. 502 U.S. 62, 75 (1991). The Court stated in a footnote that, because it need not reach the issue, it expressed no opinion as to whether a state law would violate due process if it permitted the use of prior crimes evidence to show propensity to commit a charged crime. *Id*. at 75 n.5. Moreover, in *Spencer v. Texas*, 385 U.S. 554 (1967), the Supreme Court rejected the argument that the Due Process Clause requires the exclusion of prejudicial evidence, even though limiting instructions were given and a valid state purpose is served. *Id*. at 563-64. The Court recognized that it was not "a rule-making organ for the promulgation of state rules of criminal procedure. And none of the specific provisions of the Constitution ordains this Court with such authority." *Id*. at 564. While the Supreme Court has addressed whether prior acts testimony is permissible under the Federal Rules of Evidence, see *Old Chief v. United States*, 519 U.S. 172 (1997); *Huddleston v. United States*, 485 U.S. 681 (1988), it has not explicitly addressed the issue in constitutional terms. Accordingly, the district court correctly found that there is no Supreme Court precedent that the trial court's decision could be deemed "contrary to," under AEDPA.

*Bugh* is controlling authority with respect to Petitioner's claim: a claim that the admission of "prior bad acts" evidence entitles a Petitioner to habeas relief now must fail as a matter of law until such time as the Supreme Court addresses the question it left unanswered in *Estelle*. As Petitioner cannot support his habeas claim with clearly established Supreme Court law, the claim must be denied.

### III. Petitioner waived his jury instruction claim when his counsel stated approval of the jury instructions, and the claim is otherwise meritless.

Petitioner last asserts that the jury instruction regarding the element of causation was erroneous and instructed the jury to convict Petitioner upon a mere showing that the victim was killed by a gunshot regardless of who fired the shot. The claim was waived at trial and is otherwise meritless.

The United States Supreme Court has recognized that even "[t]he most basic rights of criminal defendants are similarly subject to waiver." *Peretz v. United States*, 501 U.S. 923, 936-937 (1991). In *United States v Olano*, 507 U.S. 725, 733 (1993), the Court distinguished waiver from forfeiture, explaining "forfeiture is the failure to make the timely assertion of a right, [whereas] waiver is the "intentional relinquishment or abandonment of a known right." In this case, Petitioner waived his claim to instructional error when his counsel explicitly stated that he was satisfied with the jury instructions.

In any event the claim is meritless. This argument impermissibly takes a sentence of the instructions in isolation and ignores the jury instructions, as a whole. *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977). The trial court instructed the jury as follows: "In order to establish this charge, the prosecution must prove each of the following elements beyond a reasonable doubt: First, that the defendant caused the death of Carlton Thomas. That is, that Mr. Thomas died as a result of being shot." The court instructed similarly with regard to the inferior offense of second degree murder. These instructions were precisely as indicated by the standard jury instructions for first and second degree murder that the prosecution must prove, beyond a reasonable doubt, "that the defendant caused the death of *[name deceased],* that is, that *[name deceased]* died as a result of *[stale alleged act causing death]."* Furthermore, the court also instructed the jury, "For the crime of First Degree Premeditated Murder, this means that the Prosecution must prove that

8

the Defendant intended to kill Mr. Carlton Thomas," and, "In order to convict the Defendant of First Degree Premeditated Murder requires proof of a specific intent. This means that the prosecution must prove not only that the Defendant did certain acts, but that when he did so he did so with the intent to cause a particular result." When read in context and as a whole, its clear that the jury was instructed that Petitioner must have caused the death of the victim by shooting him with a gun.

## **Relief Requested**

Respondent requests that the petition be denied with prejudice.

Respectfully submitted,

Michael A. Cox
Attorney General

s/ Brad H. Beaver

Assistant Attorney General
Appellate Division
P.O. Box 30217
Lansing, MI  48913
(517) 373-4875
beaverb@michigan.gov
(P48649)

Dated:  September 12, 2008
2008002014A/Houston Answer

10

**Certificate of Service**

I hereby certify that on September 12, 2008, I electronically filed the foregoing papers with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

    HONORABLE LAWRENCE P. ZATKOFF
    MAGISTRATE JUDGE VIRGINIA M. MORGAN

and I hereby certify that Meagan R. Touhey has mailed by United States Postal Service the papers to the following non-ECF participant:

    MICHON HOUSTON #316461
    ST LOUIS CORRECTIONAL FACILITY
    8585 NORTH CROSWELL ROAD
    ST LOUIS MI 48880

    MICHAEL A. COX
    Attorney General

    s/<u>Brad H. Beaver</u>

    Assistant Attorney General
    Appellate Division
    P.O. Box 30217
    Lansing, MI 48909
    (517) 373-4875
    beaverb@michigan.gov
    (P48649)