STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE
CRIMINAL DIVISION

PEOPLE OF THE STATE OF MICHIGAN

          -vs-                 Case No. 03-1609

MICHON D. HOUSTON,
        Defendant.
_____/

FINAL CONFERENCE

    Proceedings had and testimony taken before the HONORABLE VERA MASSEY JONES, Circuit Judge at Detroit, Michigan on March 14, 2003.

APPEARANCES:

    ROD HASSINGER,
    Attorney-at-Law
        Appearing on behalf of the People

    DAVID LANKFORD,
    Attorney-at-Law
        Appearing on behalf of Defendant





EXPERT REPORTING SERVICE        (313) 342-2703

<u>I N D E X</u>

MARCH 14, 2003
    FINAL CONFERENCE

<u>E X H I B I T S</u>

(None Marked During This Proceeding)

EXPERT REPORTING SERVICE    (313) 342-2703

```
 1                                          March 14, 2003
 2                                          Detroit, Michigan
 3                                          Morning Session
 4
 5              THE CLERK:  Case Number 02-14431; People
 6    versus Michon Houston charged with Assault With Intent to
 7    Murder, and Felony Firearm.
 8              Case Number 03-2386; People versus Michon
 9    Houston, charged with Assault with Intent to Murder,
10    Armed Robbery and Possession of a Firearm by a Felon.
11              And Case Number 03-1609 People versus Michon
12    Houston charged with First Degree Murder, Felony Firearm
13    and Posession of a Firearm by a Felon..
14              MR. LANKFORD:  David Lankford on behalf of
15    Mr. Houston on the two matters before the Court today.
16              THE COURT:  Well, you know I have a space for
17    next week, but I bet you will not be ready that fast?
18              MR. LANKFORD:  I am in trial next week and
19    the week after.
20              THE COURT:  Let's see what we can do. We will
21    try the Murder case.
22              Estimated number of People's witnesses.
23              MR. HASSINGER:  Approximately 15, Your Honor.
24              THE COURT:  Estimated number of Defense
25    witnesses?
```

1   MR. LANKFORD: Possibly two, Your Honor.
2   THE COURT: Three days.
3   MR. HASSINGER: Rod Hassinger on behalf of
4   the People.
5   THE COURT: Please be advised that I voir
6   dire the Jury. Anything you would like to ask that the
7   Court consider asking the jurors must be submitted to the
8   Court in writing at least two weeks before trial by
9   Defense, and one week before the trial by the
10  Prosecution.
11          Okay. April 28th, 29th and 30th?
12  MR. LANKFORD: In another Murder Trial, Judge
13  Chylinski, three defendants.
14  THE COURT: April 3rd; 7th; and 8th.
15  MR. LANKFORD: April 3rd --
16  THE COURT: April 3rd is a Thursday.
17  MR. LANKFORD: April 3rd and the 7th are
18  good.
19          I start a CSC I in front of Judge Morrow on
20  April 8th for trial.
21  THE COURT: Then, you better finish over
22  here first.
23  MR. LANKFORD: I just want everybody to be on
24  record. This case, I think a lot of the witnesses will
25  be very short. I just want the Court to be aware that I

could conflict on the third day.

THE COURT: But when you conflict at the end, you will have to talk to Judge Morrow.

MR. LANKFORD: Well, but that is the position I don't want to be placed in. Then I say, we already scheduled that one but another Judge scheduled and then if it runs late, you are on the hook.

I am sure that Judge Morrow would be real happy about that.

THE COURT: Well, I am putting you down 3rd 7th and 8th. And we may even go on that Friday to help you out.

MR. LANKFORD: That would be helpful, thanks.

THE COURT: The Voir Dire: You know that I voir dire the jury, and any requests must be submitted to the Court in writing by March 20th; and the People by March 27th.

MR. LANKFORD: Judge one other, couple other matters.

The first one and the most important one, I have spoken with Mr. Hassinger. A person that is not, really not listed on the OIC Report, but who did make a statement to the police by the name of Tennisha Watson. Miss Watson gives a statement that I believe is favorable to Mr. Houston. The problem is that all though I have a

1  statement, they have in the normal course of events
2  blacked out all information regarding her.
3                  THE COURT:  Then, all you have to do is file
4  a Motion asking them to assist you in obtaining the
5  witness and they will have to get her for you.
6                  MR. LANKFORD:  I think that they might
7  endorse her.
8                  MR. HASSINGER:  I am going to do what the
9  Judge --
10                 THE COURT:  File the Motion and I will order
11 him to get the witness.
12                 MR. HASSINGER:  Yes, judge.
13                 THE COURT:  Anything else?
14                 MR. LANKFORD: He indicated that a stipulated
15 Order --
16                 THE COURT:  Marilyn, do you have the Voir
17 Dire?
18                 THE CLERK:  Here it is.
19                 Need your signatures, please.
20                 MR. LANKFORD:  Stipulate and Order on that
21 for Watson.
22                 THE COURT:  Be sure to do an Order for the
23 file.
24                 MR. LANKFORD:  Order for Production of that
25 witness?

1    THE COURT:  Yes.

2    MR. LANKFORD:  Mr. Hassinger did indicate
3  that he would stipulate to that, Your Honor.

4    THE COURT:  But file it --

5    MR. LANKFORD:  Oh, I will.

6    MR. HASSINGER:  For the Court.

7    MR. LANKFORD:  For the Court.

8    One last matter and I have discussed this
9  with Mr. Houston and just so he is here, Mr. Houston and
10 I last week did discuss a couple of potential Motions.
11 He actually did a pretty good job of research with
12 regards to a potential witness.  However, as I have
13 explained to him, the research that he did would really
14 involve a situation where we would have a Bruton or Poole
15 problem.  That witness is testifying, so I think that is
16 falling outside of those parameters, if that makes any
17 sense.

18   THE COURT:  Why are you bringing it to my
19 attention?

20   MR. LANKFORD:  I just want Mr. Houston to
21 understand.

22   THE COURT:  I don't understand and I am a
23 lawyer.

24   I do know, I don't know why there is a
25 problem.  The person is not a co-defendant, right?

1    MR. LANKFORD:  No, that is why -- I just
2  wanted Mr. Houston to understand, and to state in open
3  Court why I did not feel that that is viable, because the
4  issues are different.
5    THE COURT:  I don't know what he wanted you
6  to file, because you didn't tell me.  You tell me it is a
7  witness, and you think it falls out of Bruton, but what
8  did he want?
9    MR. LANKFORD:  No, he wanted me to file a
10 Motion to Supress a witness by the name of Jovan
11 Johnson's statement.  Statement.  Jovan Johnson made a
12 statement to the police; but that is not the issue.  The
13 issue is that Jovan Johnson is the primary witness.
14   THE COURT:  Because you can't suppress his
15 statement.
16   MR. LANKFORD:  Exactly.
17   THE COURT:  He could suppress the Defendant's
18 own statement.
19   MR. LANKFORD:  Which was not made.
20   THE COURT:  He could object to, if they tried
21 to put it in, as being hearsay.
22   MR. LANKFORD:  Of course.
23   THE COURT:  But, if the man testifies, you
24 got to allow -- they put him on the stand.
25   MR. LANKFORD:  You understand that.  We

```
 1      talked about that before; right?
 2              THE DEFENDANT:  Right.
 3              THE COURT:  All right.
 4              MR. LANKFORD:  Thank you, Your Honor.
 5              THE COURT:  Have a nice day.
 6              THE CLERK:  Mr. Hassinger, this is for you.
 7              MR. HASSINGER:  Thank you, Your Honor.
 8                  (Matter concluded)
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

COURT REPORTER'S CERTIFICATE

STATE OF MICHIGAN
        ss
COUNTY OF WAYNE

    I, MARILYNN E. DILLARD, Acting Official Court Reporter in and for the Thirs Judicial Circuit Court for the County of Wayne, State of Michigan, do hereby certify that I reported stenographically the proceedings had and testimony taken in the above-entitled cause and I do further certify that the aforegoing transcript constitutes a full, true and complete Computer-aided Transcription of said stenographic notes.

Marilynn E. Dillard, CSR, RPR, FAPR

CSR-0006