248742

1      STATE OF MICHIGAN

2      IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

3

4      THE PEOPLE OF THE STATE OF MICHIGAN

5

6      .vs                          Case No. 03-001609

7

8      MICHON DESMOND HOUSTON,

9            Defendant.
       _____/

10                   JURY TRIAL/VOIR DIRE

11

12          PROCEEDINGS HAD in the above-entitled cause before

13     the HONORABLE VERA MASSEY JONES, Circuit Judge, Detroit,

14     Michigan, on Wednesday, April 2nd, 2003.

15

16     APPEARANCES:

17

18     For the People:      RODNEY P. HASSINGER (P-40573)
19                          Wayne County Assistant Prosecutor
                            1441 St. Antoine Street
20                          Detroit, MI 48226
                            (313) 224-5777
21

22     For the Defendant:   DAVID E. LANKFORD (P-43536)
23                          645 Griswold Street, Suite 2350
                            Detroit, MI 48226
24                          (313) 965-4834

25

RECEIVED
MAY 17 2004
MICHIGAN COURT OF APPEALS
FIRST DISTRICT

APPROVED
8-18-03
CLERK

1

## TABLE OF CONTENTS

2

3                                                    PAGE

4    <u>WITNESSES:</u>

5

6

7

8

9

10

11

12

13

14

15

16

17

18   <u>EXHIBITS:</u>                    IDENTIFIED    RECEIVED

19   None

20

21

22

23

24

25

1          Detroit, Michigan

2          Monday, April 2, 2003

3          Morning session

4      - - -

5          THE CLERK: This is the case number

6   03-1609, People versus Michon Houston.  Defendant's

7   charged with First Degree Murder, Count I; Count II

8   is Possession of a Firearm by a Felon, and Count

9   III is Possession of a Felony Firearm.  This matter

10  is before the court for trial.

11          THE COURT: Your appearances for the

12  record with your P numbers for the court reporter.

13          MR. HASSINGER: Good morning, Your Honor,

14  Rod Hassinger on behalf of the People, P-40573.

15          MR. LANKFORD: Good morning, Your Honor

16  David Lankford on behalf of Mr. Houston, P-43536.

17          THE COURT: Thank you, gentleman.

18          Ladies and gentlemen of the jury panel,

19  we welcome you to courtroom G-2.  The remarks of

20  this court is about to make to you are intended in

21  outlying the trial of this matter, the procedures

22  we will follow, and the principals that control the

23  conduct of criminal cases, so that we can be sure

24  the jurors are familiar with the principles of

25  justice and who are willing to abide by them.

1         Now, the person who's on trial is

2   referred to as the defendant and in this case

3   that's Mr. Michon Desmond Houston.

4         Mr. Houston, would you rise and turn

5   towards the jury panel members, please. Thank you

6   Mr. Houston.

7         He's represented by counsel.  Counsel,

8   would you rise and introduce yourself and your

9   assistant to the jury panel members.

10        MR. LANKFORD: Thank you. Good morning,

11   ladies and gentlemen of the proposed jury.  My name

12   is David Lankford.  My associate's name is Thomas

13   Schindler.

14        THE COURT: Thank you very much.

15        The People of the State of Michigan are

16   represented by the Assistant Prosecuting Attorney.

17   Would you please rise and introduce yourself and

18   name the officer in charge of this case to the jury

19   panel members.

20        MR. HASSINGER: Good morning, ladies and

21   gentlemen.  My name is Rod Hassinger.  I'm an

22   Assistant Wayne County Prosecutor.  I have an

23   officer in charge of the case.  His name is

24   Sergeant Danny Marshall, Detroit Homicide Unit.

25   Thank you very much.

1           THE COURT: As each of you know this is a

2    criminal case and the information in this case

3    charges the Defendant, Michon Houston with the

4    charges of homicide murder, first degree

5    premeditated, possession of a firearm by a felon

6    and felony firearm.  And the information and

7    pertinent part reads as follows:

8           "In the name of the People of the State

9    of Michigan the prosecuting attorney for this

10   county appears before the court and informs the

11   court that on or about September 6th, 2002, at the

12   location West Buena Vista and Linwood, a vacant lot

13   in the city of Detroit that in Count I that the

14   Defendant, Michon Houston did deliberately with the

15   intent to kill and with premeditation kill and

16   murder one Carlton Thomas contrary to the laws of

17   the State of Michigan.

18           And Count II alleges that the same date,

19   time, and location that being September 6th, 2002,

20   at West Buena Vista and Linwood in a vacant lot in

21   the City of Detroit that the Defendant, Michon

22   Houston did possess or use or carry a firearm while

23   ineligible to do so because he had been convicted

24   of delivery less than 50 grams of a controlled

25   substances and or receiving concealed stolen

1   property.  This is less than $20,000.00 contrary to

2   the laws of the state of Michigan.

3   And Count III alleges that the same date,

4   time, and location that the Defendant, Michon

5   Houston on September 6th, 2002 at West Buena Vista

6   and Linwood in the city of Detroit did carry or

7   have in his possession a firearm; to wit, a

8   handgun at the time that he committed or attempt to

9   commit the felony of murder and/or felon in

10  possession of a firearm contrary to the laws of the

11  state of Michigan."

12  Now, the defendant has pled not guilty to

13  this information and you should clearly understand

14  that the information in this case is not evidence,

15  but simply serves to inform the accused of the

16  charges against him.  An information is presented

17  in every criminal trial.  You must not consider it

18  as any evidence of the guilt of this defendant or

19  draw any inference of guilt because he has been

20  charged.

21  Every person accused of a crime is

22  presumed to be innocent.  This means you must start

23  with the presumption that defendant is innocent.

24  This presumption continues throughout the trial and

25  entitles the defendant to a verdict of not guilty

1  unless you are satisfied beyond a reasonable doubt

2  that he is guilty.

3  Now, every crime is made up of parts

4  called elements. The prosecution must prove each

5  element of the crime charge beyond a reasonable

6  doubt. The defendant is not required to prove his

7  innocence or to do anything.  If you find that the

8  prosecution has not proven every element beyond a

9  reasonable doubt, then you must find the defendant

10 not guilty.

11 Now a reasonable doubt is a fair, honest

12 doubt growing out of the evidence or lack of

13 evidence.  It is not merely an imaginary or

14 probable, but a doubt based upon reason and common

15 sense. A reasonable doubt is just that, a doubt

16 that is reasonable after a careful and considered

17 examination of the fact an circumstances of this

18 case.

19 Now, as jurors one of your responsibilities

20 will be to judge the credibility of the testimony

21 of all of the witnesses who will appear before

22 you.  By credibility of testimony I mean its

23 truthfulness and it's accuracy.  As a standard for

24 judging credibility you may use your common sense

25 and you may take into account the witness's ability

1   and opportunity to observe, his or her memory and

2   manner while testifying, their age, any interest,

3   bias, or prejudice that he or she may have.  Plus

4   the reasonableness of their testimony considered in

5   light of all of the evidence in this case.

6          Now, the testimony of all witnesses must

7   be judged by the same standard and that includes

8   the testimony of police officers or any other

9   witness who will appear before you.  At this time

10  I'm going to ask the prosecution to please read the

11  list of witnesses who will be called to testify.

12  And you have any descriptiveness, that is if

13  they're civilians and police officers, please let

14  us know.

15          MR. HASSINGER: Thank you, Judge.

16          Ladies and gentlemen, the witnesses I

17  intend to call in this case include a representative

18  for the Wayne County Morgue, Dr. Lee Hlavaty.  I'm

19  planning on calling Cynthia Thomas, a civilian.

20  Civilians; Lavero Crooks, Jovan Johnson and

21  Christina Eshelman.

22          And the following witnesses are police

23  officers. Police Officer Fred Mcintyre, Melvin

24  Williams, Daniel Sitarski, Michael Bastianelli,

25  Charles Adams, Olivia Moss, Police Officer Michael

1    Carpenter.  The officer in charge Sergeant Danny

2    Marshall.  Potentially investigator Olson.  I

3    believe that's it, Judge.

4             THE COURT: All right.  Every trial begins

5    with what we call the voir dire of the jury.  The

6    purpose of this process is to obtain information

7    about you so that we can be sure we have a fair and

8    impartial jury, one willing to abide by the

9    principles of justice to hear and try this matter.

10            During the course of the voir dire this

11   court will ask you questions that will probe deeply

12   into your attitudes and beliefs.  We ask that you

13   not view this as an invasion of your privacy, but

14   understand that it is the necessity which will

15   ensure us that we have a fair and impartial jury to

16   hear and try this matter.

17            During the course of the voir dire we're

18   going to ask you to be as honest and as truthful

19   with us as possible.  And in just a few moments

20   you'll be asked to swear to answer truthfully,

21   fully, and honestly all questions asked of you as

22   to your qualifications to serve as a juror in this

23   matter.

24            At this time if there are any jurors who

25   have religious beliefs of taken oaths, you will

1  inform the court right now by raising your hands.

2  We will have you affirm that you will answer all

3  questions truthfully, fully, and honestly.  Would

4  those jurors who have religious beliefs against

5  taken oaths please rise. Have those jurors

6  affirmed.

7            THE CLERK: Do you affirm to answer

8  truthfully all questions put to you touching upon

9  your qualifications to serve as a juror?  I asked

10  you a question. I'll say it again.

11            Do you affirm to answer truthfully all

12  questions put to you touching upon your qualifications

13  to serve as a juror?

14            PROSPECTIVE PANEL: Yes.

15            THE CLERK: Thank you.

16            THE COURT: You may be seated with the

17  other jurors.  Please rise.

18            THE CLERK: Raise your right hand,

19  please.  Do you solemnly swear to answer truthfully

20  all questions put to you touching upon your

21  qualifications to serve as jurors?

22            PROSPECTIVE PANEL: Yes.

23            THE CLERK: Thank you.

24            THE COURT: Before we begin filling the

25  box, there's some procedural matters I'd like to

1    acquaint you with.  First of all, once this court

2    is in trial we begin promptly at 9:00 o'clock.  We

3    take testimony from nine until about 10:15, 10:30

4    at which time we take a 20 minute coffee break.  We

5    go from the end of that coffee break until 12:15 or

6    12:30 at which time we break one hour for lunch.

7    That means we usually start up at 1:30.  We'll

8    start at 1:30 and we'll go from 1:30 to 2:30 or

9    quarter to three at which time we take a ten minute

10   break. We go from the end of that break until 4:00

11   o'clock. We commit our jurors to go home at 4:00.

12        Now, the lawyers have told me that they

13   expect that this case may take two to three days.

14   We were able to get the lawyers in a day early so

15   we can select our jury ahead of time which may save

16   us a little time until we get to the actual trial

17   which will be starting tomorrow.  I believe that

18   will cut it down, and we will be working on Friday.

19   And so this case may be over with by Friday, if

20   not, it will be over with by Monday at the latest.

21        The final procedure of matter is that I

22   have a series of questions that I refer to as

23   group questions.  This will save us a great deal of

24   time and allow us to get this case tried as

25   efficiently as possible.  If all of our jurors

1      would listen to these questions and remember if you

2      would answer any question yes on this subject

3      matter.  Not the number in the sequence, but the

4      subject matter that you would say yes to.  There

5      are only six group questions. It will save us a

6      great deal of time and allow us to get this case

7      tried as soon as possible.

8              If all of our jurors would listen to

9      these questions now and remember if you would

10     answer any question yes in the subject, not the

11     number in the sequence, but the subject matter that

12     you would say yes to.

13             The group questions are as follows:  Do

14     you have any religious or other beliefs that would

15     prohibit you sitting in judgment on another human

16     being?

17             Did you recognize any of the parties who

18     were introduced or the names of witnesses that were

19     read as persons that you might know?

20             Have you ever had any prior jury

21     experience?

22             Have you ever testified in any court

23     matter with the exception of divorce cases?

24             Do you have any physical problems?

25             Are you taking any medications which

1    would make it impossible for you to sit under the

2    schedule that I described earlier?

3              And the last and the most important group

4    question is, whether you have problems or

5    reservations that apply in the legal principles

6    that I tell you control the conduct of criminal

7    cases?

8              By that, I mean as the defendant sits

9    here now he is presumed to be innocent.  The

10   presumption of innocence is such that if you were

11   required at this time to render a verdict, there

12   would only be one possible verdict and that would

13   be not guilty because the defendant is presumed to

14   be innocent and absolutely no evidence has been

15   entered against him.

16             The fact that the prosecution must prove

17   guilt, and must prove guilt beyond a reasonable

18   doubt and that our law does not require any

19   defendant to prove his innocence or produce any

20   evidence whatsoever.

21             That's the last and the most important of

22   the questions is whether you'd have any problems or

23   reservations in applying the legal principles that

24   I tell you control the conduct of criminal cases.

25             Now, I'm going to repeat these series of

1    questions again.  These are the group questions.

2    It will save us a great deal of time if all of our

3    jurors will listen to these questions now and

4    remember if you would answer any question yes in

5    the subject matter.  Not the number in the

6    sequence, but the subject matter that you would say

7    yes to.

8            The group questions are as follows: Do

9    you have any religious or other beliefs that would

10   prohibit you sitting in judgment on another human

11   being?

12           Did you recognize any of the parties who

13   were introduced or the names of witnesses that were

14   read as persons that you might know?

15           Have you ever had any prior jury experience?

16           Have you ever testified in any court

17   matter with the exception of divorce cases?

18           Do you have any physical problems?

19           Are you taking any medications which

20   would make it impossible for you to sit under the

21   schedule that I described earlier?

22           And the last and the most important of

23   the group questions is whether you have problems or

24   reservations in applying the legal principles that

25   I tell you control the conduct of criminal cases?

1    With that we'll begin pulling the jury

2    for the panel box.  We'll need 14 jurors.

3         THE CLERK: Kowalik, Michael, K-o-w-a-l-i-k,

4    seat one, please; Dawkins, Chonzett, D-a-w-k-i-n-s,

5    seat two, please; Sawyer, James, seat three,

6    please;  Gillen, Christopher seat four, please;

7    Muhammad, Sharlean, seat five, please; Kneshtel,

8    Sharon, K-n-e-s-h-t-e-l, seat six, please; Kitze,

9    James K-i-t-z-e, seat seven, please; Malkowski,

10   Walter, seat eight, please; Tidrick, Lance, seat

11   nine, please; Belanger, Russell, seat ten, please;

12   Takach, Tony, T-a-k-a-c-h, seat eleven, please;

13   Barazsu, Carol, B-a-r-a-z-s-u, seat twelve, please;

14   Fann, Tracey, seat thirteen, please; Hoeft, Katherine,

15   H-o-e-f-t, seat fourteen, please.

16        THE COURT: We welcome each of you to the

17   jury panel box and did you hear and understand the

18   statements I made to the jury panel earlier?

19        PROSPECTIVE JURY:  Yes.

20        THE COURT: All right, I'm going to thank

21   those who answered verbally.  The young lady

22   sitting there is taking notes of every word that is

23   said.  If you speak too softly or if you just nod

24   your head, then nothing goes down, so I'm going to

25   always ask you to answer verbally.

1   We will begin with Kowalik who is in seat

2   one.  I repeat, for I hope is the last time, the

3   series of questions I'm speaking of when I refer to

4   the group questions.  I want to remind all of our

5   jurors, it will save us a great deal of time and

6   allow us to get this case tried as efficiently as

7   possible.

8   If all of jurors will listen to these

9   questions now and remember if you would answer any

10  question yes in the subject matter, not the number

11  in the sequence, but the subject matter that you

12  would say yes to.

13  The group questions are as follows:  Do

14  you have any religious or other beliefs that would

15  prohibit you sitting in judgment on another human

16  being?

17  Did you recognize any of the parties who

18  were introduced or the names of witnesses that were

19  read as persons that you might know?

20  Have you ever had any prior jury

21  experience?

22  Have you ever testified in any court

23  matter with the exception of divorce cases?

24  Do you have any physical problems?

25  Are you taking any medications which

1    would make it impossible for you to sit under the

2    schedule that I described earlier?

3            And the last and the most important group

4    question is whether you have problems or reservations

5    in applying the legal principles that I tell you

6    control the conduct of criminal cases?  And that's

7    the end of the group questions.

8            Mr. Kowalik, do you remember the series

9    of questions that I'm speaking of when I refer to

10   the group questions?

11           PROSPECTIVE JUROR #1: Yes.

12           THE COURT: Would you have answered any of

13   those questions yes?

14           PROSPECTIVE JUROR #1: Yes.

15           THE COURT: Which ones, sir.

16           PROSPECTIVE JUROR #1: Could you repeat

17   that again.  Would you answered --

18           THE COURT: Do you remember the series of

19   questions I'm speaking of?

20           PROSPECTIVE JUROR #1: Right.  I had a

21   problem.

22           THE COURT: Would you have answered any of

23   those questions yes?

24           PROSPECTIVE JUROR #1: No.

25           THE COURT: Are you sure?

1    PROSPECTIVE JUROR #1: Right.

2         THE COURT: Have you yourself or any close

3    friend or relative ever done any work with any

4    police departments, defense lawyers, prosecuting

5    attorneys's office, security guards, military

6    police, fire department or investigators of any

7    kind?

8         PROSPECTIVE JUROR #1:  No.

9         THE COURT: Have you yourself or any close

10   friend or relative ever been arrested, charged, or

11   convicted of any criminal offense?

12        PROSPECTIVE JUROR #1: No.

13        THE COURT: Have you yourself or any close

14   friend or relative ever been the victims of crime?

15        PROSPECTIVE JUROR #1: No.

16        THE COURT: Have you yourself or any close

17   friend or relative ever have any unpleasant

18   experiences with police officers?

19        PROSPECTIVE JUROR #1: No.

20        THE COURT: Have you yourself or any close

21   friend or relative ever been the victims of crime?

22        PROSPECTIVE JUROR #1: No.

23        THE COURT: Are you familiar with the area

24   of West Buena Vista and Linwood in Detroit?

25        PROSPECTIVE JUROR #1: No.

1          THE COURT: Our printout listed you're

2   married; is that correct?

3          PROSPECTIVE JUROR #1: That's correct.

4          THE COURT: Are you presently employed?

5          PROSPECTIVE JUROR #1: Yes.

6          THE COURT: I'm just about to ask what

7   type of work you do, and I want to tell me just me

8   just that.  Under no circumstances will any of our

9   jurors tell us where you or your spouses work; do

10  you understand?

11         PROSPECTIVE JUROR #1: Yes.

12         THE COURT: It's the type of work we're

13  interested in.  What type of work do you do, sir?

14         PROSPECTIVE JUROR #1: I'm a machinist.

15         THE COURT: And your spouse, is she

16  employed outside of the home at this time?

17         PROSPECTIVE JUROR #1: No.

18         THE COURT: Have you heard anything about

19  this case before coming to this courtroom today?

20         PROSPECTIVE JUROR #1: No.

21         THE COURT: Do you know any reason at all,

22  and I mean reason why you could not be a fair and

23  impartial juror in this case?

24         PROSPECTIVE JUROR #1: No.

25         THE COURT: Thank you, very much.

1              Ms. Dawkins, do you remember the series

2     of questions I'm speaking of when I refer to the

3     group questions?

4              PROSPECTIVE JUROR #2: Yes.

5              THE COURT: Would you've answered of those

6     questions?

7              PROSPECTIVE JUROR #2: Yes.

8              THE COURT: Which ones, ma'am?

9              PROSPECTIVE JUROR #2: Ever been on a

10    jury.

11             THE COURT: Civil or criminal matter?

12             PROSPECTIVE JUROR #2: Criminal.

13             THE COURT: Does the charge have anything

14    to do with murder or possession or a firearm?

15             PROSPECTIVE JUROR #2: No.

16             THE COURT: Was there anything in that

17    prior jury experience that you might hold against

18    either the prosecution or the defense in this

19    case?

20             PROSPECTIVE JUROR #2: No.

21             THE COURT: Was that the only group question

22    you would have answered yes?

23             PROSPECTIVE JUROR #2: Yes.

24             THE COURT: Have you yourself or any close

25    friend or relative ever done any work with any

1    police departments, defense lawyers, prosecuting

2    attorneys's office, security guards, military

3    police, fire department, or investigators of any

4    kind?

5            PROSPECTIVE JUROR #2: No.

6            THE COURT: Have you yourself or any close

7    friend or relative ever been arrested, charged, or

8    convicted of any criminal offense?

9            PROSPECTIVE JUROR #2: No.

10           THE COURT: Have you yourself or any close

11   friend or relative ever been the victims of crime?

12           PROSPECTIVE JUROR #2: No.

13           THE COURT: Have you yourself or any close

14   friend or relative ever have any unpleasant

15   experiences with police officers?

16           PROSPECTIVE JUROR #2: No.

17           THE COURT: Are you familiar with the area

18   of West Buena Vista and Linwood in Detroit?

19           PROSPECTIVE JUROR #2: Yes.

20           THE COURT: Would the fact that you're

21   familiar with the area cause you to be unfair to

22   either the prosecution or the defense in this

23   matter?

24           PROSPECTIVE JUROR #2:  No.

25           THE COURT: Our printout notes that you're

1      single; is that correct?

2                  PROSPECTIVE JUROR #2:  Yes.

3                  THE COURT: Are you presently employed?

4                  PROSPECTIVE JUROR #2: Yes.

5                  THE COURT: What type of work do you do?

6                  PROSPECTIVE JUROR #2: I'm a technician.

7                  THE COURT: Have you heard anything about

8      this case before coming to this courtroom today?

9                  PROSPECTIVE JUROR #2: No.

10                  THE COURT: Do you know of any reason why

11     you could not be a fair and impartial juror in this

12     matter?

13                  PROSPECTIVE JUROR #2: No.

14                  THE COURT: Thank you very much.

15                  Mr. Sawyer, do you remember the series of

16     questions I'm speaking of when I refer to the group

17     questions?

18                  PROSPECTIVE JUROR #3: Yes.

19                  THE COURT: Would you have answered any of

20     those questions yes?

21                  PROSPECTIVE JUROR #3: No.

22                  THE COURT: Have you yourself or any close

23     friend or relative ever done any work with any

24     police departments, defense lawyers, prosecuting

25     attorney's office, security guards, military

1   police, fire department, or investigators of any

2   kind?

3            PROSPECTIVE JUROR #3: No.

4            THE COURT: Have you yourself or any close

5   friend or relative ever been arrested, charged or

6   convicted of any criminal offense?

7            PROSPECTIVE JUROR #3: No.

8            THE COURT: Have you yourself or any close

9   friend or relative ever been the victims of crime?

10           PROSPECTIVE JUROR #3: Yes.

11           THE COURT: What kinds of crime, sir?

12           PROSPECTIVE JUROR #3: Murder.

13           THE COURT: The relationship of you to the

14  victim?

15           PROSPECTIVE JUROR #3: My brother.

16           THE COURT: Do you know the circumstances

17  under which that occurred?

18           PROSPECTIVE JUROR #3: Pardon me?

19           THE COURT: Do you know the circumstances

20  under which your brother died?

21           PROSPECTIVE JUROR #3: No, not exactly.

22           THE COURT: Do you know anything about

23  it?

24           PROSPECTIVE JUROR #3: Not much about it,

25  you know, just that he was murdered.

1    THE COURT: Okay, you don't know whether

2    he was acquainted with the individuals or whether

3    it was a robbery or anything like that?

4    PROSPECTIVE JUROR #3: My understanding it

5    was a friend of his.  My understanding was armed

6    robbery.

7    THE COURT: Okay.  This is a murder case.

8    Would you be able to put that personal experience

9    out of your mind and decide this case based solely

10    on the evidence presented in this courtroom and the

11    law as I give it to you?

12    PROSPECTIVE JUROR #3: Yes.

13    THE COURT: Anything in that experience

14    you might hold against either the prosecution or

15    the defense in this matter?

16    PROSPECTIVE JUROR #3: No.

17    THE COURT: Thank you very much.  Sir,

18    Have you yourself or any close friend or relative

19    ever had any unpleasant experiences with police

20    officers?

21    PROSPECTIVE JUROR #3: No.

22    THE COURT: Are you familiar with the area

23    of West Buena Vista and Linwood in Detroit?

24    PROSPECTIVE JUROR #3: Yes.

25    THE COURT: Would the fact that you're

1  familiar with the area cause you to be unfair to

2  either the prosecution or the defense in this

3  matter?

4          PROSPECTIVE JUROR #3:  No.

5          THE COURT: Our printout notes that you're

6  married; is that correct?

7          PROSPECTIVE JUROR #3: Yes.

8          THE COURT: Are you presently employed?

9          PROSPECTIVE JUROR #3: Yes.

10          THE COURT: What type of work do you do?

11          PROSPECTIVE JUROR #3: Machine operator.

12          THE COURT: And your spouse, is she

13  employee outside of the home at this time?

14          PROSPECTIVE JUROR #3: No.

15          THE COURT: Have you heard anything about

16  this case before coming to this courtroom today?

17          PROSPECTIVE JUROR #3: No.

18          THE COURT: Do you know of any reason why

19  you could not be a fair and impartial juror in this

20  matter?

21          PROSPECTIVE JUROR #3: No.

22          THE COURT: Thank you very much.

23          Mr. Gillen, do you remember the series of

24  questions I'm speaking of when I refer to the group

25  questions?

1        PROSPECTIVE JUROR #4: Yes.

2        THE COURT: Would you've answered any of

3    those questions yes?

4        PROSPECTIVE JUROR #4: No.

5        THE COURT: Have you yourself or any close

6    friend or relative ever done any work with any

7    police departments, defense lawyers, prosecuting

8    attorney's office, security guards, military

9    police, fire department, or investigators of any

10   kind?

11       PROSPECTIVE JUROR #4: No.

12       THE COURT: Have you yourself or any close

13   friend or relative ever been arrested, charged, or

14   convicted of any criminal offense?

15       PROSPECTIVE JUROR #4: Have I ever been

16   arrested at all?

17       THE COURT: Yes.

18       PROSPECTIVE JUROR #4: Or any one I know,

19   yes.

20       THE COURT: Was it to yourself or close

21   friends or relatives?

22       PROSPECTIVE JUROR #4: It was me, myself.

23       THE COURT: What were you arrested,

24   charged or convicted of?

25       PROSPECTIVE JUROR #4: I was just

1    arrested, it wasn't a big deal.  I was having a

2    party and the cops came.

3            THE COURT: It was too loud?

4            PROSPECTIVE JUROR # 4: Right.

5            THE COURT: Was there anything in that

6    experience that you might hold against either the

7    prosecution or the defense in this matter?

8            PROSPECTIVE JUROR #4: No.

9            THE COURT: Anything in that experience

10   that has led you to believe that our criminal

11   justice system ought to be changed in any manner?

12           PROSPECTIVE JUROR #4: No.

13           THE COURT: Listen to my next question

14   very carefully.  If the prosecution proves the

15   defendant's guilt beyond a reasonable doubt, what

16   would your verdict be?

17           PROSPECTIVE JUROR #4: Guilty.

18           THE COURT: And if the prosecution fails

19   to prove the defendant's guilt beyond a reasonable

20   doubt, what your verdict be?

21           PROSPECTIVE JUROR #4: Not guilty.

22           THE COURT: Have you yourself or any close

23   friend or relative ever been victims of crime?

24           PROSPECTIVE JUROR #4: No.

25           THE COURT: Have you yourself or any close

1    friend or relative ever have any unpleasant

2    experiences with police officers?

3                    PROSPECTIVE JUROR #4: No.

4                    THE COURT: Are you familiar with the area

5    of Linwood and Buena Vista in Detroit?

6                    PROSPECTIVE JUROR #4: No.

7                    THE COURT: Out printout notes out that

8    you're single; is that correct?

9                    PROSPECTIVE JUROR #4: Yes.

10                   THE COURT: Are you presently employed?

11                   PROSPECTIVE JUROR #4: Yes.

12                   THE COURT: What type of work do you do?

13                   PROSPECTIVE JUROR #4: I'm an arena

14   manager.

15                   THE COURT: Have you heard anything about

16   this case before coming to this courtroom today?

17                   PROSPECTIVE JUROR #4: No.

18                   THE COURT: Do you know any reason why you

19   could not be a fair and impartial juror in this

20   matter?

21                   PROSPECTIVE JUROR #4: No.

22                   THE COURT: Thank you very much.

23                   Mrs. Muhammad, do you remember the series

24   of questions I'm speaking of when I refer to the

25   group questions?

1      PROSPECTIVE JUROR #5: Yes, ma'am.  I

2 served on a jury.

3      THE COURT: A civil or criminal matter.

4      PROSPECTIVE JUROR #5: A criminal.

5      THE COURT: Did the charge have anything

6 to do with murder or possession of a firearm?

7      PROSPECTIVE JUROR #5: No, ma'am.

8      THE COURT: Was anything in that prior

9 jury experience that you might hold against either

10 the prosecution or the defense in this matter?

11      PROSPECTIVE JUROR #5: No, ma'am.

12      THE COURT: That was the only group

13 question you would have answered yes?

14      PROSPECTIVE JUROR #5: I don't know if

15 this counts as a physical problem, but I'm a

16 nursing mother right now.

17      THE COURT: All you have to do is let us

18 know.  Where's the baby?

19      PROSPECTIVE JUROR #5: She's at home right

20 now.

21      THE COURT: No, then is that not going

22 to-- how are you handling it?  I mean, are you

23 using a breast pump or something so there's milk

24 for the baby or do you have to go to where the baby

25 is all the time?

1          PROSPECTIVE JUROR #5: I left her some

2     milk today.  This is the first time I've been away

3     from her.

4          THE COURT: Okay. Now, I don't have a

5     problem with it if you don't, but if it's going to

6     create a problem for you nursing the baby, you

7     should let us know.

8          PROSPECTIVE JUROR #5: No.

9          THE COURT: Okay.  Have you yourself or

10    any close friend or relative ever done any work

11    with any police departments, defense lawyers,

12    prosecuting attorney's office, security guards,

13    military police, fire department, or investigators

14    of any kind?

15         PROSPECTIVE JUROR #5:  No, ma'am.

16         THE COURT: Have you yourself or any close

17    friend or relative ever been arrested, charged or

18    convicted of any criminal offense?

19         PROSPECTIVE JUROR #5: No, ma'am.

20         THE COURT: Have you yourself or any close

21    friend or relative ever been victims of crime?

22         PROSPECTIVE JUROR #5: Yes, ma'am.

23         THE COURT: What kinds of crime?

24         PROSPECTIVE JUROR #5: My uncle was

25    murdered.

1           THE COURT: Do you know the circumstances?

2           PROSPECTIVE JUROR #5: Yes.

3           THE COURT: What were the circumstances?

4           PROSPECTIVE JUROR #5: My cousin murdered

5 him, his son murdered him.

6           THE COURT: Would you be able to put that

7 personal experience out of your mind and decide

8 this case based solely on the evidence presented in

9 this courtroom and the laws as I give to you?

10           PROSPECTIVE JUROR #5: Yes, ma'am.

11           THE COURT: Have you yourself or any close

12 friend or relative ever have any unpleasant experiences

13 with police officers?

14           PROSPECTIVE JUROR #5: No.

15           THE COURT: Are you familiar with the area

16 of West Buena Vista and Linwood in Detroit?

17           PROSPECTIVE JUROR #5: No, I'm not.

18           THE COURT: Our printout notes that you're

19 married?

20           PROSPECTIVE JUROR #5: Yes.

21           THE COURT: And I know that's correct,

22 right?

23           PROSPECTIVE JUROR #5: Yes.

24           THE COURT: And you're presently employed.

25           PROSPECTIVE JUROR #5: No, ma'am.

1            THE COURT: And your spouse, is he

2    employed outside of the home at this time?

3            PROSPECTIVE JUROR #5: Yes, ma'am.

4            THE COURT: What type of work does he do?

5            PROSPECTIVE JUROR #5: He's a technician.

6            THE COURT: Have you heard anything about

7    this case before coming to this courtroom today?

8            PROSPECTIVE JUROR #5: No, ma'am.

9            THE COURT: Do you know of any reason why

10    you could not be a fair and impartial juror in this

11    matter?

12            PROSPECTIVE JUROR #5: No.

13            THE COURT: Thank you very much.

14            Mrs. Kneshtel, do you remember the series

15    of questions I'm speaking of ever when I refer to

16    the group questions?

17            PROSPECTIVE JUROR #6: Yes.

18            THE COURT: Would you have answered any of

19    those questions yes?

20            PROSPECTIVE JUROR #6: Yes.

21            THE COURT: Which ones, ma'am?

22            PROSPECTIVE JUROR #6: I have served on a

23    jury before.

24            THE COURT: Civil or criminal matter?

25            PROSPECTIVE JUROR #6: Civil.

1        THE COURT: The judge probably instructed

2   you to find by what we call preponderance of the

3   evidence.  It was like putting the evidence on a

4   scale and weighing it.  Whichever side presented

5   the most evidence was the side that you would find

6   for.  Do you understand that this is a criminal

7   case?

8        PROSPECTIVE JUROR #6: Yes.

9        THE COURT: And that the prosecution must

10  prove guilt and must prove guilt beyond a

11  reasonable doubt?

12       PROSPECTIVE JUROR #6: Right.

13       THE COURT: Was there anything in that

14  prior jury experience case that has led you to

15  believe our criminal justice system ought to be

16  changed in any manner?

17       PROSPECTIVE JUROR #6: No.

18       THE COURT: Anything in that experience

19  you might hold against either the prosecution or

20  the defense in this matter?

21       PROSPECTIVE JUROR #6: No.

22       THE COURT: Was that the only group

23  question you would have answered yes?

24       PROSPECTIVE JUROR #6: Yes.

25       THE COURT: Have you yourself or any close

1    friend or relative ever done any work with any

2    police departments, defense lawyers, prosecuting

3    attorney's office, security guards, military

4    police, fire department, or investigators of any

5    kind?

6                    PROSPECTIVE JUROR #6: No.

7                    THE COURT: Have you yourself or any close

8    friend or relative ever been arrested, charged or

9    convicted of any criminal offense?

10                   PROSPECTIVE JUROR #6: No.

11                   THE COURT: Have you yourself or any close

12   friend or relative ever been victims of crime?

13                   PROSPECTIVE JUROR #6: Yes.

14                   THE COURT: What kinds of crime?

15                   PROSPECTIVE JUROR #6: My cousin was

16   murdered.

17                   THE COURT: Do you know the circumstances

18   under which that occurred?

19                   PROSPECTIVE JUROR #6: No, it was unresolved.

20                   THE COURT: Was there anything in that

21   experience that you might hold against either the

22   prosecution or defense in this case?

23                   PROSPECTIVE JUROR #6: I'm saying no.  I'm

24   not really sure until everything surfaces but.

25                   THE COURT: But then we're going to thank

1       and excuse you at this time.

2                   PROSPECTIVE JUROR #6: Thank you.

3                   THE CLERK: Mitosinka Diane,

4       M-i-t-o-s-i-n-k-a, please take seat six.

5                   THE COURT: Ms. Mitosinka, welcome to the

6       jury panel box.  Were you able to hear and

7       understand all the statements I made to the jury

8       panel earlier?

9                   PROSPECTIVE JUROR #6: Yes.

10                  THE COURT: Do you remember the series of

11      questions I'm speaking of when I refer to the group

12      questions?

13                  PROSPECTIVE JUROR #6: Yes.

14                  THE COURT: Would you have answered any of

15      those questions yes?

16                  PROSPECTIVE JUROR #6: Yes, ma'am.  My

17      children were in serious problems with drugs.  I

18      had been abused.  I don't remember the group

19      questions.

20                  THE COURT: Okay. Group questions, do you

21      have any religious or other beliefs that would

22      prohibit you sitting judgment on another human

23      being?  Did you recognize any of the parties who

24      were introduce or names of witnesses that were

25      read as persons you might know?  Have you ever had

1      any prior jury experience?  Have you ever testified

2      in any court matter with the exception of divorce

3      cases?  Do you have any physical problems.  Are you

4      taking any medication which would make it

5      impossible for you to sit on the schedule that I

6      described earlier?

7              And the last and the most important of

8      the group questions is whether you have any

9      problems or reservations in applying the legal

10     principles that I tell you control the conduct of

11     criminal cases?  Would you have said yes to any of

12     those questions?

13             PROSPECTIVE JUROR #6: Yes, ma'am.

14             THE COURT: Which one?

15             PROSPECTIVE JUROR #6: I'm diabetic, and

16     I've been served -- I was having these medical

17     problems.

18             THE COURT: Now, wait a minute.  Are you

19     telling me you served as a juror?

20             PROSPECTIVE JUROR #6: Okay, well, I --

21             THE COURT: Slow down.  Let's take one

22     thing at a time.  I have the lawyers and I make

23     them laugh all the time and tell them I went Cass

24     Technical High School and they taught me one thing,

25     and that is to take things one at a time.

1              Now, the first thing, the first thing you

2     started to say you had prior what?

3              PROSPECTIVE JUROR #6: I was on jury duty.

4              THE COURT: Okay, was it a civil or

5     criminal matter?

6              PROSPECTIVE JUROR #6: I think it was

7     civil.

8              THE COURT: Do you understand this is a

9     criminal case?

10             PROSPECTIVE JUROR #6: Yes, ma'am.

11             THE COURT: And that the prosecution must

12    prove guilt and must prove guilt beyond a

13    reasonable doubt?

14             PROSPECTIVE JUROR #6: Yes, ma'am.

15             THE COURT: Was there anything in that

16    prior jury experience that you might hold against

17    either the prosecution or the defense in this

18    case?

19             PROSPECTIVE JUROR #6: Yes, ma'am, I have

20    dyslexia and I also have this --

21             THE COURT: Now, why would you hold the

22    fact -- my daughter's dyslexia too. She owns her

23    own company.  Graduated from college.  Now you want

24    to tell me why you hold dyslexia against the

25    prosecution or the defense?

1          PROSPECTIVE JUROR #6: A lot of times

2     someone would make a statement to me and I can't

3     really -- how can I put it, sometimes it takes me

4     longer to think than an average person.  I don't

5     understand what a lot people say to me.

6          THE COURT: Okay, but you wouldn't hold

7     that against the prosecution or the defense in this

8     case, would you?

9          PROSPECTIVE JUROR #6: No, ma'am.

10          THE COURT: Okay.  Now, you were about to

11     tell me that you're diabetic.

12          PROSPECTIVE JUROR #6: Yes, ma'am.

13          THE COURT: That means that you must take

14     frequent breaks to eat when you need to?

15          PROSPECTIVE JUROR #6: Yes, ma'am, I carry

16     food with me.

17          THE COURT: Okay.  Well, all you have to

18     do is let us know and we'll take a break for that.

19     Okay?

20          Now, was there something else you wanted

21     to tell me in those group questions?  The group

22     questions, just the group questions because I'll

23     get to the others in a moment.

24          PROSPECTIVE JUROR #6: No, ma'am.

25          THE COURT: Have you yourself or any close

1    friend or relative ever done any work with any

2    police departments, defense lawyers, prosecuting

3    attorney's office, security guards, military

4    police, fire department, or investigators of any

5    kind?

6                  PROSPECTIVE JUROR #6: No.

7                  THE COURT: Have you yourself or any close

8    friend or relative ever been arrested, charged or

9    convicted of any criminal offense?

10                 PROSPECTIVE JUROR #6: No.

11                 THE COURT: Have you yourself or any close

12   friend or relative ever been victims of crime?

13                 PROSPECTIVE JUROR #6: No.

14                 THE COURT: Have you yourself or any close

15   friend or relative ever have any unpleasant

16   experiences with police officers?

17                 PROSPECTIVE JUROR #6: No, ma'am.

18                 THE COURT: You were telling me something

19   about you yourself have been abused or your

20   children?

21                 PROSPECTIVE JUROR #6: Yes, ma'am.

22                 THE COURT: Okay, let's go back then.

23   Have you yourself or any close friend or relative

24   ever been the victims of crime?

25                 PROSPECTIVE JUROR #6: We were a victim of

1       drugs.

2                   THE COURT: But you yourself, did you say

3       you were abused in some way?

4                   PROSPECTIVE JUROR #6: Yes, ma'am.  After

5       six years I developed amnesia from the abuse.

6                   THE COURT: Okay, but you were a victim of

7       abuse?

8                   PROSPECTIVE JUROR #6: Yes, I was.

9                   THE COURT: Anything in that experience as

10      a victim that would cause you to be unfair to

11      either the prosecution or the defense in this

12      case?

13                  PROSPECTIVE JUROR #6: No, ma'am.

14                  THE COURT: Now, your children, were they

15      using drugs?

16                  PROSPECTIVE JUROR #6: Yes, ma'am.

17                  THE COURT: Would that cause you to be

18      unfair in this particular case?

19                  PROSPECTIVE JUROR #6: Personally, Your

20      Honor, I feel that --

21                  THE COURT: Listen to me.  Would it cause

22      you to be unfair in this case, yes or no?

23                  PROSPECTIVE JUROR #6: No.

24                  THE COURT: Are you sure?

25                  PROSPECTIVE JUROR #6: Yes.

41

```
 1              THE COURT: Okay.  Would you please
 2    approach for a moment.
 3                   (Discussion at bench of the record, out
 4                   of prospective jury panel's hearing)
 5                   (Back on the record.)
 6              THE COURT: I have asked the lawyers some
 7    questions and they tell me that during the course
 8    of this trial you may find that there is some drug
 9    involvement in this case.
10              PROSPECTIVE JUROR #6: Yes, ma'am.
11              THE COURT: Would the fact that they could
12    show that there was some drug involvement cause you
13    to be unfair to either the prosecution or the
14    defense in this matter?
15              PROSPECTIVE JUROR #6: No, ma'am,
16    everyone's responsible for their own actions.
17              THE COURT: Have you yourself or any close
18    friend or relative ever have any unpleasant
19    experiences with police officers?
20              PROSPECTIVE JUROR #6: No.
21              THE COURT: Are you familiar with the area
22    of West Buena Vista and Linwood in Detroit?
23              PROSPECTIVE JUROR #6: No.
24              THE COURT: Our printout notes that you're
25    married; is that correct?
```

```
1              PROSPECTIVE JUROR #6: Yes, ma'am.

2              THE COURT: It also notes that your spouse

3        is a retiree; is that right?

4              PROSPECTIVE JUROR #6: Yes.

5              THE COURT: What type of work did he do

6        before retirement?

7              PROSPECTIVE JUROR #6: He worked at Farmer

8        Jack's and Kroger's.

9              THE COURT: And you yourself are you

10       employed outside of the home at this time?

11             PROSPECTIVE JUROR #6: No, ma'am.

12             THE COURT: What type of work did you do?

13             PROSPECTIVE JUROR #6: I was in bakery and

14       the deli.

15             THE COURT: Have you heard anything about

16       this case before coming to this courtroom today?

17             PROSPECTIVE JUROR #6: No, ma'am.

18             THE COURT: Do you know of any reason why

19       you could not be a fair and impartial juror in this

20       matter?

21             PROSPECTIVE JUROR #6: No problem.

22             THE COURT: Okay, thank you.

23             Mr. Kitze, is that correct?

24             PROSPECTIVE JUROR #7: Yes.

25             THE COURT: Sir, your marital status is
```

1    not listed on our printout.

2             PROSPECTIVE JUROR #7: Single.

3             THE COURT: Do you remember the series of

4    questions I'm speaking of when I refer to the group

5    questions?

6             PROSPECTIVE JUROR #7: Yes.

7             THE COURT: Would you've answer any of

8    those questions yes?

9             PROSPECTIVE JUROR #7: No.

10            THE COURT: Have you yourself or any close

11   friend or relative ever done any work with any

12   police departments, defense lawyers, prosecuting

13   attorney's office, security guards, military

14   police, fire department, or investigators of any

15   kind?

16            PROSPECTIVE JUROR #7: No.

17            THE COURT: Have you yourself or any close

18   friend or relative ever been arrested, charged or

19   convicted of any criminal offense?

20            PROSPECTIVE JUROR #7: DUI.

21            THE COURT: Was that to yourself or close

22   friend or relative?

23            PROSPECTIVE JUROR #7: Me.

24            THE COURT: Was there anything in that

25   experience that led you believe that our criminal

1   justice system ought to be changed in any manner?

2   PROSPECTIVE JUROR #7: No.

3   THE COURT: Anything in that experience

4   you might hold against either the prosecution or

5   the defense?

6   PROSPECTIVE JUROR #7: No.

7   THE COURT: Listen to my next question

8   very carefully. If the prosecution proves the

9   defendant's guilt beyond a reasonable doubt, what

10   would your verdict be?

11   PROSPECTIVE JUROR #7: Guilty.

12   THE COURT: And if the prosecution fails

13   to prove the defendant's guilt beyond a reasonable

14   doubt, what your verdict be?

15   PROSPECTIVE JUROR #7: Not guilty.

16   THE COURT: Have you yourself or any close

17   friend or relative ever been victims of crime?

18   PROSPECTIVE JUROR #7: No.

19   THE COURT: Have you yourself or any close

20   friend or relative ever have any unpleasant

21   experiences with police officers?

22   PROSPECTIVE JUROR #7: No.

23   THE COURT: Are you familiar with the area

24   of West Buena Vista and Linwood in Detroit?

25   PROSPECTIVE JUROR #7: Yes.

1            THE COURT: Would the fact that you're

2    familiar with the area cause you to be unfair to

3    either the prosecution or the defense in this

4    matter?

5            PROSPECTIVE JUROR #7: No.

6            THE COURT: You told us you're single. Are

7    you presently employed?

8            PROSPECTIVE JUROR #7: Yes.

9            THE COURT: What type of work do you do?

10          PROSPECTIVE JUROR #7: Overhead line work.

11          THE COURT: Have you heard anything about

12    this case before coming to this courtroom today?

13          PROSPECTIVE JUROR #7: Nope.

14          THE COURT: Do you have any reason at all

15    why you could not be a fair and impartial juror in

16    this matter?

17          PROSPECTIVE JUROR #7: Nope.

18          THE COURT: Thank you very much.

19          Mr. Malkowski, do you remember the series

20    of questions I'm speaking of when I refer to the

21    group questions?

22          PROSPECTIVE JUROR #8: Yes.

23          THE COURT: Would you have answered of

24    those questions yes?

25          PROSPECTIVE JUROR #8: No.

1    THE COURT: Have you yourself or any close

2    friend or relative ever done any work with any

3    police departments, defense lawyers, prosecuting

4    attorney's office, security guards, military

5    police, fire department, or investigators of any

6    kind?

7    PROSPECTIVE JUROR #8: I belong to a club

8    made up of neighborhood security.

9    THE COURT: Anything in those relationships

10   that have led you to believe that our criminal

11   justice system ought to be changed in any manner?

12   PROSPECTIVE JUROR #8: No.

13   THE COURT: Anything in those

14   relationships you might hold against either the

15   prosecution or the defense in this matter?

16   PROSPECTIVE JUROR #8: No.

17   THE COURT: Would you believe a police

18   officer before you'd believe an ordinary citizen

19   just because one was a police officer?

20   PROSPECTIVE JUROR #8: No.

21   THE COURT: Have you yourself or any close

22   friend or relative ever been victims of crime?

23   PROSPECTIVE JUROR #8: No.

24   THE COURT: Have you yourself or any close

25   friend or relative ever been victims of crime?

1          PROSPECTIVE JUROR #8: No.

2          THE COURT: Have you yourself or any close

3  friend or relative ever have any unpleasant

4  experiences with police officers?

5          PROSPECTIVE JUROR #8: No.

6          THE COURT: Our printout notes that you're

7  married; is that correct?

8          PROSPECTIVE JUROR #8: Yes.

9          THE COURT: Are you familiar with the area

10  of West Buena Vista and Linwood in Detroit?

11          PROSPECTIVE JUROR #8: No.

12          THE COURT: Our printout also notes that

13  you are a retiree; is that right?

14          PROSPECTIVE JUROR #8: Yes.

15          THE COURT: What type of work did you do

16  before retirement?

17          PROSPECTIVE JUROR #8: Construction.

18          THE COURT: And your spouse is she

19  employed outside of the home at this time?

20          PROSPECTIVE JUROR #8: No.

21          THE COURT: Do you have any reason why you

22  could not be a fair and impartial juror in this

23  matter?

24          PROSPECTIVE JUROR #8: No.

25          THE COURT: Have you heard anything about

1      this case before coming to this courtroom today?

2              PROSPECTIVE JUROR #8: No.

3              THE COURT: Thank you.

4              Mr. Tidrick, do you remember the series

5      of questions I'm speaking of when I refer to the

6      group questions?

7              PROSPECTIVE JUROR #9: Yes.

8              THE COURT: Would you have answered any of

9      those questions yes?

10             PROSPECTIVE JUROR #9: No.

11             THE COURT: Have you yourself or any close

12     friend or relative ever done any work with any

13     police departments, defense lawyers, prosecuting

14     attorney's office, security guards, military

15     police, fire department, or investigators of any

16     kind?

17             PROSPECTIVE JUROR #9: No.

18             THE COURT: Have you yourself or any close

19     friend or relative ever been arrested, charged, or

20     convicted of any criminal offense?

21             PROSPECTIVE JUROR #9: No.

22             THE COURT: Have you yourself or any close

23     friend or relative ever been victims of crime?

24             PROSPECTIVE JUROR #9: No.

25             THE COURT: Have you yourself or any close

1     friend or relative ever have any unpleasant experiences

2     with police officers?

3              PROSPECTIVE JUROR #9: No.

4              THE COURT: Are you familiar with the area

5     of Buena Vista and Linwood in Detroit?

6              PROSPECTIVE JUROR #9: No.

7              THE COURT: Our printout notes that you're

8     single; is that correct.

9              PROSPECTIVE JUROR #9: Yes.

10             THE COURT: Are you presently employed,

11    sir.

12             PROSPECTIVE JUROR #9: Yes.

13            THE COURT: What type of work do you do?

14            PROSPECTIVE JUROR #9: Tool sales.

15            THE COURT: Have you heard anything about

16    this case before coming to this courtroom today?

17            PROSPECTIVE JUROR #9: No.

18            THE COURT: Do you know of any reason why

19    you could not be a fair and impartial juror in this

20    matter?

21            PROSPECTIVE JUROR #9: Nope.

22            THE COURT: Thank you very much.

23            Mr. Belanger, do you remember the series

24    of questions I'm speaking of when I refer to the

25    group questions?

1          PROSPECTIVE JUROR #10: Yes.

2          THE COURT: Would you have answered any of

3     those questions yes?

4          PROSPECTIVE JUROR #10: No.

5          THE COURT: Have you yourself or any close

6     friend or relative ever done any work with any

7     police departments, defense lawyers, prosecuting

8     attorney's office, security guards, military

9     police, fire department, or investigators of any

10    kind?

11         PROSPECTIVE JUROR #10: My sister-in-law

12    is a paralegal.

13         THE COURT: Anything of that relationship

14    that has led you to believe that our criminal

15    justice system ought to be changed in any manner?

16         PROSPECTIVE JUROR #10: No.

17         THE COURT: Anything in that relationship

18    or experience you might hold against either the

19    prosecution or defense in this matter?

20         PROSPECTIVE JUROR #10: No.

21         THE COURT: Have you yourself or any close

22    friend or relative ever been arrested, charged or

23    convicted of any criminal offense?

24         PROSPECTIVE JUROR #10: No.

25         THE COURT: Have you yourself or any close

1    friend or relative ever been victims of crime?

2              PROSPECTIVE JUROR #10: Yeah, my wife was

3    robbed at gun point.

4              THE COURT: Would you be able to put her

5    experience out of your mind and decide this case

6    based solely on the evidence presented in this

7    courtroom and the laws as I give it to you?

8              PROSPECTIVE JUROR #10: Yes.

9              THE COURT: Have you yourself or any close

10   friend or relative ever have any unpleasant

11   experiences with police officers?

12             PROSPECTIVE JUROR #10: No.

13             THE COURT: Are you familiar with the area

14   of West Buena Vista and Linwood in Detroit?

15             PROSPECTIVE JUROR #10: No.

16             THE COURT: Our printout notes that you're

17   married; is that correct?

18             PROSPECTIVE JUROR #10: Yes.

19             THE COURT: Are you presently employed?

20             PROSPECTIVE JUROR #10: Yes.

21             THE COURT: What type of work do you do?

22             PROSPECTIVE JUROR #10: Shipping and

23   receiving.

24             THE COURT: And your spouse, is she

25   employed outside of the home at this time?

1          PROSPECTIVE JUROR #10: No.

2          THE COURT: Have you heard anything about

3 this case before coming to this courtroom today?

4          PROSPECTIVE JUROR #10: No.

5          THE COURT: Do you know of any reason why

6 you could not be a fair and impartial juror in this

7 matter?

8          PROSPECTIVE JUROR #10: No.

9          THE COURT: Thank you very much.

10          Mr. Takach, do you remember the series of

11 questions I'm speaking of when I refer to the group

12 questions?

13          PROSPECTIVE JUROR #11: Yes.

14          THE COURT: Which you have answered any of

15 those questions yes?

16          PROSPECTIVE JUROR #11: Yes.

17          THE COURT: Which ones, sir?

18          PROSPECTIVE JUROR #11: I served on a jury

19 before.

20          THE COURT: Civil or criminal matter?

21          PROSPECTIVE JUROR #11: Criminal.

22          THE COURT: Did the charge have anything

23 to do with murder or possession of a firearm?

24          PROSPECTIVE JUROR #11: No.

25          THE COURT: Was there anything in that

1    prior jury experience that you might hold against

2    either the prosecution or defense in this matter?

3           PROSPECTIVE JUROR #11: No.

4           THE COURT: Was that the only group

5    question you would have answered yes?

6           PROSPECTIVE JUROR #11: I have testified

7    before.

8           THE COURT: What kind of a case was it?

9           PROSPECTIVE JUROR #11: Bank fraud.

10          THE COURT: Was there anything in that

11   experience as a witness that has led you to believe

12   that our criminal justice system ought to be

13   changed in any manner?

14          PROSPECTIVE JUROR #11: No.

15          THE COURT: Anything in that experience as

16   a witness that you might hold against either

17   prosecution or the defense in this matter?

18          PROSPECTIVE JUROR #11: No.

19          THE COURT: Those were the only two group

20   questions you would have answered yes?

21          PROSPECTIVE JUROR #11:  Correct.

22          THE COURT: Have you yourself or any close

23   friend or relative ever done any work with any

24   police departments, defense lawyers, prosecuting

25   attorney's office, security guards, military

1 police, fire department, or investigators of any

2 kind?

3     PROSPECTIVE JUROR #11: Yes.

4     THE COURT: Was that you yourself or close

5 friends or relatives?

6     PROSPECTIVE JUROR #11: Myself.

7     THE COURT: And was it with police,

8 defense, prosecutors what?

9     PROSPECTIVE JUROR #11: Both actually.

10     THE COURT: Anything in those experiences

11 that have led that you to believe that our criminal

12 justice system ought to be changed in any manner?

13     PROSPECTIVE JUROR #11: No.

14     THE COURT: Anything in those experiences

15 you might hold against either prosecution or

16 defense in this matter?

17     PROSPECTIVE JUROR #11: No.

18     THE COURT: Would you believe a police

19 officer before you'd believe an ordinary citizen

20 simply because one was a police officer?

21     PROSPECTIVE JUROR #11: No.

22     THE COURT: Have you yourself or any close

23 friend or relative ever been arrested, charged or

24 convicted of any criminal offense?

25     PROSPECTIVE JUROR #11: No.

1      THE COURT: Have you or yourself or close

2  friend or relative ever been the victims of crime?

3      PROSPECTIVE JUROR #11: No.

4      THE COURT: Have you yourself or any close

5  friend or relative ever have any unpleasant

6  experiences with police officers?

7      PROSPECTIVE JUROR #11: No.

8      THE COURT: Are you familiar with the area

9  of West Buena Vista and Linwood in Detroit?

10      PROSPECTIVE JUROR #11: No.

11      THE COURT: Our printout notes that you

12  are divorced; is that correct?

13      PROSPECTIVE JUROR #11: Correct.

14      THE COURT: And are you a retiree?

15      PROSPECTIVE JUROR #11: Correct.

16      THE COURT: What type of work did you do

17  before retirement?

18      PROSPECTIVE JUROR #11: Banking.

19      THE COURT: Have you heard anything about

20  this case before coming to this courtroom today?

21      PROSPECTIVE JUROR #11: No.

22      THE COURT: Do you know of any reason why

23  you could not be a fair and impartial juror in this

24  matter?

25      PROSPECTIVE JUROR #11: No.

1    THE COURT: Thank you very much.  We'll

2 have to take a 20 minute coffee break.  I'll

3 caution the jurors you may not discuss this case

4 among yourself nor with anyone else.  We'll let you

5 take a 20 minute coffee break.  Please be outside

6 that door at a quarter to the hour by that clock.

7    We'll rise for the jurors to go for

8 coffee.  Everyone rise.  Jurors are free to go for

9 coffee and be outside that door at a quarter to.

10    (Prospective jury panel exits courtroom)

11    THE COURT: Rise for the jurors.

12    (Prospective jury panel enters courtroom)

13    THE COURT: You may be seated.

14    Mrs. Barazsu, do you remember the series

15 of questions I'm speaking of when I refer to the

16 group questions?

17    PROSPECTIVE JUROR #12: Yes.

18    THE COURT: Would you have answered any of

19 those questions yes?

20    PROSPECTIVE JUROR #12: No.

21    THE COURT: Have you yourself or any close

22 friend or relative ever done any work with any

23 police departments, defense lawyers, prosecuting

24 attorney's office, security guards, military

25 police, fire department, or investigators of any

1   kind?

2           PROSPECTIVE JUROR #12: Yeah, a neighbor

3   of mine was Chief of Police and another neighbor

4   was the Fire Chief.

5           THE COURT: Anything in those relationships

6   that have led you to believe that our criminal

7   justice system ought to be changed in any manner?

8           PROSPECTIVE JUROR #12: No.

9           THE COURT: Anything in those

10  relationships you might hold against either the

11  prosecution or the defense in this matter?

12          PROSPECTIVE JUROR #12: No.

13          THE COURT: Would you believe a police

14  officer before you believe an ordinary citizen

15  simply because one was a police officer?

16          PROSPECTIVE JUROR #12: No.

17          THE COURT: Have you yourself or any close

18  friend or relative ever been arrested, charged or

19  convicted of any criminal offense?

20          PROSPECTIVE JUROR #12: My husband, DUI.

21          THE COURT: Was anything in that

22  experience that has led you to believe that our

23  criminal justice system ought to be changed in any

24  manner?

25          PROSPECTIVE JUROR #12: No.

1      THE COURT: Anything in that experience

2  you might hold against either against the

3  prosecution or the defense in this matter?

4      PROSPECTIVE JUROR #12: No.

5      THE COURT: Listen to my next question

6  very carefully. If the prosecution proves the

7  defendant's guilt beyond a reasonable doubt, what

8  would your verdict be?

9      PROSPECTIVE JUROR #12: Guilty.

10     THE COURT: And if the prosecution fails

11  to prove the defendant's guilt beyond a reasonable

12  doubt, what your verdict be?

13     PROSPECTIVE JUROR #12: Not guilty.

14     THE COURT: Have you yourself or any close

15  friend or relative ever been victims of crime?

16     PROSPECTIVE JUROR #12: Yes.

17     THE COURT: What kinds of crimes?

18     PROSPECTIVE JUROR #12: I've had three

19  cars stolen.  And my brother shot my nephew and

20  sister-in-law and then shot himself.

21     THE COURT: Did any of the persons

22  survive?

23     PROSPECTIVE JUROR #12: No.

24     THE COURT: This is a murder case.  Would

25  you be able to put all those personal experiences

1    out of your mind, and can you decide this case

2    based solely on the evidence presented in this

3    courtroom and the law as I give it to you.

4            PROSPECTIVE JUROR #12: No.

5            THE COURT: We're going to thank and

6    excuse you at this time.  Please step on the side

7    and you get your slip and go back upstairs.

8            THE CLERK: White, Lynette seat 12,

9    please.

10           THE COURT: Ms. White welcome to the jury

11   panel.  Were you able to hear and understand all

12   the statements I made to the jury panel earlier?

13           PROSPECTIVE JUROR #12: Yes.

14           THE COURT: Do you remember the series of

15   questions I'm speaking of when I refer to the group

16   questions?

17           PROSPECTIVE JUROR #12: Yes.

18           THE COURT: Would you have answered any of

19   those questions yes?

20           PROSPECTIVE JUROR #12: No.

21           THE COURT: Have you yourself or any close

22   friend or relative ever done any work with any

23   police departments, defense lawyers, prosecuting

24   attorney's office, security guards, military

25   police, fire department, or investigators of any

1    kind?

2            PROSPECTIVE JUROR #12: No.

3            THE COURT: Have you yourself or any close

4    friend or relative ever been arrested, charged or

5    convicted of any criminal offense?

6            PROSPECTIVE JUROR #12: Yes.

7            THE COURT: Was that to yourself of close

8    friends or relatives?

9            PROSPECTIVE JUROR #12: Me.

10           THE COURT: What were you arrested,

11    charged or convicted of?

12           PROSPECTIVE JUROR #12: Assault and

13    battery.

14           THE COURT: I couldn't hear you.

15           PROSPECTIVE JUROR #12: Assault and

16    battery.

17           THE COURT: Was anything in that

18    experience that has led you to believe that our

19    criminal justice system ought to be changed in any

20    manner?

21           PROSPECTIVE JUROR #12: No.

22           THE COURT: Anything in that experience

23    you might hold against either the prosecution or

24    the defense in this matter?

25           PROSPECTIVE JUROR #12: No.

1         THE COURT: Listen to my next question

2  very carefully. If the prosecution proves the

3  defendant's guilt beyond a reasonable doubt, what

4  would your verdict be?

5         PROSPECTIVE JUROR #12: Guilty.

6         THE COURT: And if the prosecution fails

7  to prove the defendant's guilt beyond a reasonable

8  doubt, what would your verdict be?

9         PROSPECTIVE JUROR #12: Not guilty.

10        THE COURT: Have you yourself or any close

11  friend or relative ever been victims of crime?

12        PROSPECTIVE JUROR #12: No.

13        THE COURT: Have you yourself or any close

14  friend or relative ever have any unpleasant

15  experiences with police officers?

16        PROSPECTIVE JUROR #12: No.

17        THE COURT: Are you familiar with the area

18  of West Buena Vista and Linwood in Detroit?

19        PROSPECTIVE JUROR #12: Yes.

20        THE COURT: Would the fact that you're

21  familiar with the area cause you to be unfair to

22  either the prosecution or the defense in this

23  matter?

24        PROSPECTIVE JUROR #12: No.

25        THE COURT: Our printout notes that you're

1       single; is that correct?

2                    PROSPECTIVE JUROR #12: Yes.

3                    THE COURT: Are you presently employed?

4                    PROSPECTIVE JUROR #12: Yes.

5                    THE COURT: What type of work do you do?

6                    PROSPECTIVE JUROR #12: Medical billing.

7                    THE COURT: Have you heard anything about

8       this about case before coming to this courtroom

9       today?

10                   PROSPECTIVE JUROR #12: No.

11                   THE COURT: Do you know of any reason why

12      you could not be a fair and impartial juror in this

13      matter?

14                   PROSPECTIVE JUROR #12: No.

15                   THE COURT: Thank you very much.

16                   Ms. Fann, do you remember the series of

17      questions I'm speaking of when I refer to the group

18      questions?

19                   PROSPECTIVE JUROR #13: Yes.

20                   THE COURT: Would you have answered any of

21      those questions yes?

22                   PROSPECTIVE JUROR #13: Yes.

23                   THE COURT: Which ones, ma'am.

24                   PROSPECTIVE JUROR #13: Victim of a crime.

25                   THE COURT: Was this something that

1    happened to you or were you just one of the

2    witnesses?

3              PROSPECTIVE JUROR #13: It happened to my

4    neighbor.

5              THE COURT: It happened to your neighbor.

6              PROSPECTIVE JUROR #13: I was one of the

7    witnesses.

8              THE COURT: What kind of a case was it?

9              PROSPECTIVE JUROR #13: Child abuse.

10             THE COURT: Was anything in that

11   experience as a witness that has led you to believe

12   that our criminal justice system ought to be

13   changed in any manner?

14             PROSPECTIVE JUROR #13: No.

15             THE COURT: Anything in that experience as

16   a witness that you might hold against either the

17   prosecution or the defense in this matter?

18             PROSPECTIVE JUROR #13: No.

19             THE COURT: Was that the only group

20   question you would have answered yes?

21             PROSPECTIVE JUROR #13: Yes.

22             THE COURT: Have you yourself or any close

23   friend or relative ever done any work with any

24   police departments, defense lawyers, prosecuting

25   attorney's office, security guards, military

1    police, fire department, or investigators of any

2    kind?

3                PROSPECTIVE JUROR #13: No.

4                THE COURT: Have you yourself or any close

5    friend or relative ever been arrested, charged or

6    convicted of any criminal offense?

7                PROSPECTIVE JUROR #13: No.

8                THE COURT: Have you yourself or any close

9    friend or relative ever been victims of crime?

10                PROSPECTIVE JUROR #13: Yes.

11                THE COURT: What kinds of crimes.

12                PROSPECTIVE JUROR #13: Murder.

13                THE COURT: And the person, the

14    relationship of the person who was the victim, was

15    that the child abuse case you're talking about?

16                PROSPECTIVE JUROR #13: No.

17                THE COURT: This is another matter, do you

18    know the circumstances under which this occurred?

19                PROSPECTIVE JUROR #13: Yes.

20                THE COURT: What were those circumstances?

21                PROSPECTIVE JUROR #13: Car-jacking, he

22    was shot in the back of his vehicle.

23                THE COURT: Would you be able to put that

24    experience out of your mind and decide this case

25    based solely on the evidence presented in this

1    courtroom and the law as I give it to you?

2              PROSPECTIVE JUROR #13: I can't.

3              THE COURT: Then we're going to thank and

4    excuse you at this time.  If you step over to the

5    side you'll get your slip to go back upstairs.

6              THE CLERK: Johnson, Betty Jo, seat 13,

7    please.

8              THE COURT: Mrs. Johnson, welcome to the

9    jury panel box.  Were you able to hear and

10   understand all the statements I made to the jury

11   panel earlier?

12             PROSPECTIVE JUROR #13: Yes, ma'am.

13             THE COURT: Do you remember the series of

14   questions I'm speaking of when I refer to the group

15   questions?

16             PROSPECTIVE JUROR #13: Yes, ma'am.

17             THE COURT: Would you have answered any of

18   those questions yes?

19             PROSPECTIVE JUROR #13: No.

20             THE COURT: Have you yourself or any close

21   friend or relative ever done any work with any

22   police departments, defense lawyers, prosecuting

23   attorney's office, security guards, military

24   police, fire department, or investigators of any

25   kind?

1          PROSPECTIVE JUROR #13: No.

2          THE COURT: Have you yourself or any close

3     friend or relative ever been arrested, charged or

4     convicted of any criminal offense?

5          PROSPECTIVE JUROR #13: No.

6          THE COURT: Have you yourself or any close

7     friend or relative ever been victims of crime?

8          PROSPECTIVE JUROR #13: I have.

9          THE COURT: What kinds of crimes?

10         PROSPECTIVE JUROR #13: Robbery.

11         THE COURT: Was this a face-to-face

12    confrontation?

13         PROSPECTIVE JUROR #13: Yes, ma'am.

14         THE COURT: Was a weapon used?

15         PROSPECTIVE JUROR #13: Yeah, but they

16    found out it was a plastic gun.

17         THE COURT: Okay.  Was there anything in

18    that experience that you might hold against either

19    the prosecution or the defense in this matter?

20         PROSPECTIVE JUROR #13: No.

21         THE COURT: Have you yourself or any close

22    friend or relative ever have any unpleasant

23    experiences with police officers?

24         PROSPECTIVE JUROR #13: No, ma'am.

25         THE COURT: Are you familiar with the area

1    of West Buena Vista and Linwood in Detroit?

2          PROSPECTIVE JUROR #13: Yes, ma'am.

3          THE COURT: Would the fact that you're

4    familiar with the area cause you to be unfair to

5    either the prosecution or the defense in this

6    matter?

7          PROSPECTIVE JUROR #13: No, ma'am.

8          THE COURT: Our printout notes that you're

9    married; is that correct?

10         PROSPECTIVE JUROR #13: Yes.

11         THE COURT: Are you presently employed?

12         PROSPECTIVE JUROR #13: What type of work

13    do you do?

14         PROSPECTIVE JUROR #13: Culinary artist.

15         THE COURT: And your spouse, is he

16    employed outside of the home at this time?

17         PROSPECTIVE JUROR #13: Yes, ma'am.

18         THE COURT: What type of work does he do?

19         PROSPECTIVE JUROR #13: He's a butcher.

20         THE COURT: Have you heard anything about

21    this case before coming to this courtroom today?

22         PROSPECTIVE JUROR #13: No, ma'am.

23         THE COURT: Do you know of any reason why

24    you could not be a fair and impartial juror in this

25    manner?

1   PROSPECTIVE JUROR #13: No, ma'am.

2   THE COURT: Thank you very much.

3   Ms. Hoeft, do you remember the series of

4   questions I'm speaking of when I refer to the group

5   questions?

6   PROSPECTIVE JUROR #14: Yes.

7   THE COURT: Would you have answered any of

8   those questions yes?

9   PROSPECTIVE JUROR #14: No.

10  THE COURT: Have you yourself or any close

11  friend or relative ever done any work with any

12  police departments, defense lawyers, prosecuting

13  attorney's office, security guards, military

14  police, fire department, or investigators of any

15  kind?

16  PROSPECTIVE JUROR #14: Yes.

17  THE COURT: Was that to yourself or close

18  friends or relatives?

19  PROSPECTIVE JUROR #14: Both. I have a

20  cousin who's a Detroit Police Officer and my mother

21  works for attorneys.

22  THE COURT: Anything in those

23  relationships or experiences that have led you to

24  believe that our criminal justice system ought to

25  be changed in any manner?

1  PROSPECTIVE JUROR #14: No.

2  THE COURT: Anything in those

3  relationships or experiences that you might hold

4  against either the prosecution or the defense in

5  this matter?

6  PROSPECTIVE JUROR #14: No.

7  THE COURT: By the way, did you work for

8  criminal defense lawyers?

9  PROSPECTIVE JUROR #14: One of the

10  attorneys did some of that work.

11  THE COURT: Did you ever do any of his

12  work, typing or anything like that?

13  PROSPECTIVE JUROR #13: Just type up

14  complaints.

15  THE COURT: Okay.  If during the course of

16  this trial I should give you an instruction and you

17  should say, gee, I remember when I was doing that

18  typing but that wasn't what they said the law was.

19  Whose law will you follow, would you remember what

20  I say?

21  PROSPECTIVE JUROR #14: I would follow

22  what you say.

23  THE COURT: Would you believe a police

24  officer before you'd believe an ordinary citizen

25  simply because one was a police officer?

1          PROSPECTIVE JUROR #14: No.

2          THE COURT: Have you yourself or any close

3  friend or relative ever been arrested, charged or

4  convicted of any criminal offense?

5          PROSPECTIVE JUROR #14: No.

6          THE COURT: Have you yourself or any close

7  friend or relative ever been victims of crime?

8          PROSPECTIVE JUROR #14: My brother-in-law

9  was robbed at gun point.

10         THE COURT: Would you be able to put his

11  experience out of your mind and decide this case

12  based solely on the evidence presented in this

13  courtroom and the law as I give it to you?

14         PROSPECTIVE JUROR #14: Yes.

15         THE COURT: Have you yourself or any close

16  friend or relative ever have any unpleasant

17  experiences with police officers?

18         PROSPECTIVE JUROR #14: No.

19         THE COURT: Are you familiar with the area

20  of West Buena Vista and Linwood in Detroit?

21         PROSPECTIVE JUROR #14: No.

22         THE COURT: Our printout notes that you're

23  married; is that correct?

24         PROSPECTIVE JUROR #14: Yes.

25         THE COURT: Are you presently employed?

1    PROSPECTIVE JUROR #14: Yes.

2    THE COURT: What type of work do you do?

3    PROSPECTIVE JUROR #14: Accountant.

4    THE COURT: And is your spouse is he

5    employed outside of the home at this time?

6    PROSPECTIVE JUROR #14: Yes.

7    THE COURT: What type of work does he do?

8    PROSPECTIVE JUROR #14: He's a nurse.

9    THE COURT: Have you heard anything about

10   this case before coming to this courtroom today?

11   PROSPECTIVE JUROR #14: No.

12   THE COURT: Do you know of any reason why

13   you could not be a fair and impartial juror in this

14   matter?

15   PROSPECTIVE JUROR #14: No.

16   THE COURT: Thank you very much.

17   Do the People pass for cause?

18   MR. HASSINGER: Pass for cause, Judge.

19   THE COURT: Does Defense pass for cause?

20   MR. LANKFORD: For cause, yes, Your Honor.

21   THE COURT: Do People wish to exercise any

22   preemptory challenges at this time?

23   MR. HASSINGER: Yes, Judge, may I exercise

24   more than one?

25   THE COURT: I would really appreciate it.

1     It makes it go a little faster that way.

2                MR. HASSINGER: Thank you, Judge, I just

3     want to make sure.  I'd like to thank and excuse

4     the juror in seat six, Diane Mitosinka.

5                THE COURT: Ms. Mitosinka, we thank and

6     excuse you at this time.

7                MR. HASSINGER: And, Judge, I'd like to

8     thank and excuse the juror in seat 12, Lynette

9     White.

10               THE COURT: And Ms. White we thank and

11    excuse you at this time.

12               MR. HASSINGER: Thank you, Your Honor.

13               THE CLERK: Carlson, David Honor, seat

14    six, please.

15               THE CLERK: Hagen, Kenneth, seat 12,

16    please.

17               THE COURT: Mr. Carlson and Mr. Hagen we

18    welcome each of you to the jury panel box.  Were

19    you each able to hear and understand the statements

20    I made earlier?

21               PROSPECTIVE JUROR # 6:  Yes.

22               PROSPECTIVE JUROR # 12: Yes.

23               THE COURT: We're going to start with Mr.

24    Carlson. Sir, do you remember the series of

25    questions I'm speaking of when I refer to the group

1    questions?

2          PROSPECTIVE JUROR #6: Yes.

3          THE COURT: Would you have answered any of

4    those questions yes?

5          PROSPECTIVE JUROR #6: No.

6          THE COURT: Have you yourself or any close

7    friend or relative ever done any work with any

8    police departments, defense lawyers, prosecuting

9    attorney's office, security guards, military

10   police, fire department, or investigators of any

11   kind?

12         PROSPECTIVE JUROR #6: I have a friend

13   who's a police officer.

14         THE COURT: Anything in that

15   relationship that has led you to believe that our

16   criminal justice system ought to be changed in any

17   manner?

18         PROSPECTIVE JUROR #6: No.

19         THE COURT: Anything in that relationship

20   that you might hold against either the prosecution

21   or the defense in this matter?

22         PROSPECTIVE JUROR #6: No.

23         THE COURT: Would you believe a police

24   officer before you'd believe an ordinary citizen

25   simply because one was a police officer?

1          PROSPECTIVE JUROR #6: No.

2          THE COURT: Have you yourself or any close

3     friend or relative ever been arrested, charged or

4     convicted of any criminal offense?

5          PROSPECTIVE JUROR #6: No.

6          THE COURT: Have you yourself or any close

7     friend or relative ever been victims of crime?

8          PROSPECTIVE JUROR #6: No.

9          THE COURT: Have you yourself or any close

10    friend or relative ever have any unpleasant

11    experiences with police officers?

12         PROSPECTIVE JUROR #6: No.

13         THE COURT: Are you familiar with the area

14    of West Buena Vista and Linwood in Detroit?

15         PROSPECTIVE JUROR #6: No.

16         THE COURT: Our printout notes that you're

17    single; is that correct?

18         PROSPECTIVE JUROR #6: Yes.

19         THE COURT: Are you presently employed?

20         PROSPECTIVE JUROR #6: No, ma'am.

21         THE COURT: Have you heard anything about

22    this case before coming to this courtroom today?

23         PROSPECTIVE JUROR #6: No.

24         THE COURT: Do you know of any reason why

25    you could not be a fair and impartial juror in this

1    matter?

2           PROSPECTIVE JUROR #6: Nope.

3           THE COURT: Thank you very much.

4           Mr. Hagen, do you remember the series of

5    questions I'm speaking of when I refer to the group

6    questions?

7           PROSPECTIVE JUROR #12: Yes.

8           THE COURT: Would you have answered any of

9    those questions yes?

10           PROSPECTIVE JUROR #12: No.

11           THE COURT: Have you yourself or any close

12    friend or relative ever done any work with any

13    police departments, defense lawyers, prosecuting

14    attorney's office, security guards, military

15    police, fire department, or investigators of any

16    kind?

17           PROSPECTIVE JUROR #12: No.

18           THE COURT: Have you yourself or any close

19    friend or relative ever been arrested, charged or

20    convicted of any criminal offense?

21           PROSPECTIVE JUROR #12: No.

22           THE COURT: Have you yourself or any close

23    friend or relative ever been victims of crime?

24           PROSPECTIVE JUROR #12: No.

25           THE COURT: Have you yourself or any close

1    friend or relative ever have any unpleasant

2    experiences with police officers?

3              PROSPECTIVE JUROR #12: No.

4              THE COURT: Are you familiar with the area

5    of West Buena Vista and Linwood in Detroit?

6              PROSPECTIVE JUROR #12: No.

7              THE COURT: Our printout notes that you're

8    married; is that correct?

9              PROSPECTIVE JUROR #12: Yes, it is.

10             THE COURT: Are you presently employed?

11             PROSPECTIVE JUROR #12: Yes.

12             THE COURT: What type of work do you do?

13             PROSPECTIVE JUROR #12: Welder.

14             THE COURT: Have you heard anything about

15   this case before coming to this courtroom today?

16             PROSPECTIVE JUROR #12: No.

17             THE COURT: Do you know of any reason why

18   you could not be a fair and impartial juror in this

19   matter?

20             PROSPECTIVE JUROR #12: No.

21             THE COURT: Thank you very much.

22             People pass for cause?

23             MR. HASSINGER: Yes, Your Honor.

24             THE COURT: Defense pass for cause?

25             MR. LANKFORD: Yes, Your Honor.

1        THE COURT: It's Defense's opportunity if

2    you'd like to exercise it at this time.

3        MR. LANKFORD: Yes, thank you.   Excuse,

4    please, juror number one, Mr. Kowalik.

5        THE COURT: Mr. Kowalik, we thank and

6    excuse you at this time.

7        MR. LANKFORD: And also seat 10, Mr.

8    Belanger, please.

9        THE COURT: And Mr. Belanger, we thank and

10   excuse you at this time.

11       THE CLERK: Gegich, Michael G-e-g-i-c-h,

12   seat one, please.

13       Smith, Susan, seat ten, please.

14       THE COURT: Ms. Smith and Mr. Gegich we

15   welcome each of you to the jury panel box.  Were

16   you each able to hear and understand all the

17   statements I made earlier?

18       PROSPECTIVE JUROR #1: Yes.

19       PROSPECTIVE JUROR #10: Yes.

20       THE COURT: We're going to start with Mr.

21   Gegich.  Sir, do you remember the series of

22   questions I'm speaking of when I refer to the group

23   questions?

24       PROSPECTIVE JUROR #1: Yes

25       THE COURT: Would you have answered any of

1    those questions yes?

2              PROSPECTIVE JUROR #1: No.

3              THE COURT: Have you yourself or any close

4    friend or relative ever done any work with any

5    police departments, defense lawyers, prosecuting

6    attorney's office, security guards, military

7    police, fire department, or investigators of any

8    kind?

9              PROSPECTIVE JUROR #1: No.

10             THE COURT: Have you yourself or any close

11   friend or relative ever been arrested, charged or

12   convicted of any criminal offense?

13             PROSPECTIVE JUROR #1: No.

14             THE COURT: Have you yourself or any close

15   friend or relative ever been victims of crime?

16             PROSPECTIVE JUROR #1: No.

17             THE COURT: Have you yourself or any close

18   friend or relative ever have any unpleasant

19   experiences with police officers?

20             PROSPECTIVE JUROR #1: No.

21             THE COURT: Are you familiar with the area

22   of West Buena Vista and Linwood in Detroit?

23             PROSPECTIVE JUROR #1: No.

24             THE COURT: Out printout notes that you're

25   single; is that correct?

1          PROSPECTIVE JUROR #1: Yes.

2          THE COURT: Are you presently employed,

3     sir?

4          PROSPECTIVE JUROR #1: Yes.

5          THE COURT: What type of work do you do?

6          PROSPECTIVE JUROR #1: I'm a bank clerk.

7          THE COURT: Have you heard anything about

8     this case before coming to this courtroom today?

9          PROSPECTIVE JUROR #1: No.

10          THE COURT: Do you know of any reason why

11     you could not be a fair and impartial juror in this

12     matter?

13          PROSPECTIVE JUROR #1: No

14          THE COURT: Thank you very much.

15          Ms. Smith, do you remember the series of

16     questions I'm speaking of when I refer to the group

17     questions?

18          PROSPECTIVE JUROR #10: Yes.

19          THE COURT: Would you have answered

20     any of those questions yes?

21          PROSPECTIVE JUROR #10: Yes.

22          THE COURT: Which ones, ma'am?

23          PROSPECTIVE JUROR #10: Jury experience.

24          THE COURT: Civil or criminal matter?

25          PROSPECTIVE JUROR #10: Criminal.

1    THE COURT: Did the charge have anything

2  to do with murder or possession of a firearm?

3    PROSPECTIVE JUROR #10: No.

4    THE COURT: Was there anything in that

5  prior jury experience that might hold against

6  either the prosecution or the defense in this

7  matter?

8    PROSPECTIVE JUROR #10: No.

9    THE COURT: Was that the only group

10  question you would have answered yes?

11    PROSPECTIVE JUROR #10: Yes.

12    THE COURT: Have you yourself or any close

13  friend or relative ever done any work with any

14  police departments, defense lawyers, prosecuting

15  attorney's office, security guards, military

16  police, fire department, or investigators of any

17  kind?

18    PROSPECTIVE JUROR #10: Yes.

19    THE COURT: Was that you yourself or close

20  friends or relative?

21    PROSPECTIVE JUROR #10: Friend.

22    THE COURT: What was that friend with?

23    PROSPECTIVE JUROR #10: She was with

24  herself.

25    THE COURT: Anything in that relationship

1  that has led you to believe that our criminal

2  justice system ought to be changed in any manner?

3          PROSPECTIVE JUROR #10: No.

4          THE COURT: Anything in that relationship

5  you might hold either the prosecution or the

6  defense in this matter?

7          PROSPECTIVE JUROR #10: No.

8          THE COURT: Would you believe a police

9  officer before you'd believe an ordinary citizen

10 simply because one was a police officer?

11         PROSPECTIVE JUROR #10: No.

12         THE COURT: Would you believe a police

13 officer before you'd believe an ordinary citizen

14 simply because one was a police officer?

15         PROSPECTIVE JUROR #10: No.

16         THE COURT: Have you yourself or any close

17 friend or relative ever been victims of crime?

18         PROSPECTIVE JUROR #10: No.

19         THE COURT: Have you yourself or any close

20 friend or relative ever have any unpleasant

21 experiences with police officers?

22         PROSPECTIVE JUROR #10: No.

23         THE COURT: Are you familiar with the area

24 of West Buena Vista and Linwood in Detroit?

25         PROSPECTIVE JUROR #10: No.

1          THE COURT: Our printout notes that you're

2    divorced; is that correct?

3          PROSPECTIVE JUROR #10: Yes.

4          THE COURT: Are you presently employed?

5          PROSPECTIVE JUROR #10: Yes.

6          THE COURT: What type of work do you do?

7          PROSPECTIVE JUROR #10: I'm a nurse.

8          THE COURT: Have you heard anything about

9    this case before coming to this courtroom today?

10         PROSPECTIVE JUROR #10: No.

11         THE COURT: Do you know of any reason why

12   you could not be a fair and impartial juror in this

13   matter?

14         PROSPECTIVE JUROR #10: No.

15         THE COURT: Thank you very much.

16         People pass for cause?

17         MR. HASSINGER: Yes, Judge.

18         THE COURT: Defense pass for cause?

19         MR. LANKFORD: Yes, Your Honor.

20         THE COURT: Do the People wish to exercise

21   any preemptory challenge?

22         MR. HASSINGER: No, Your Honor.

23         THE COURT: Defense wish to exercise any

24   preemptory challenges at this time?

25         MR. LANKFORD: One moment, please.

1        THE COURT: Okay.

2        MR. LANKFORD: Judge, Defense would thank

3   and excuse Mr. Malkowski in number eight, please.

4        THE COURT: Mr. Malkowski, we thank and

5   excuse you at this time. That's all?

6        MR. LANKFORD: That's it. Thank you.

7        THE COURT: Okay.

8        THE CLERK: Brooks, Nancy, seat eight,

9   please.

10        THE COURT: Ms. Brooks, welcome to the

11   jury panel box. Were you able to hear and

12   understand  all the statements I made to the jury

13   panel earlier?

14        PROSPECTIVE JUROR #8: Yes.

15        THE COURT: Do you remember the series of

16   questions I'm speaking of when I refer to the group

17   questions?

18        PROSPECTIVE JUROR #8: Yes.

19        THE COURT: Would you have answered any of

20   those questions yes?

21        PROSPECTIVE JUROR #8: Yes.

22        THE COURT: Which ones, ma'am?

23        PROSPECTIVE JUROR #8: I sat on a jury

24   before.

25        THE COURT: Civil or criminal matter?

1              PROSPECTIVE JUROR #8: Criminal.

2              THE COURT: Did the charge have anything

3    to do with murder or possession of a firearm?

4              PROSPECTIVE JUROR #8: No.

5              THE COURT: Was anything in that prior

6    jury experience that might cause you to be unfair

7    to either the prosecution or the defense in this

8    matter?

9              PROSPECTIVE JUROR #8: No.

10             THE COURT: That was the only group

11    question you would have answered yes?

12             PROSPECTIVE JUROR #8: I take medication.

13             THE COURT: But you'll be able to sit

14    under our schedule?

15             PROSPECTIVE JUROR #8: Yes.

16             THE COURT: Okay.  Have you yourself or

17    any close friend or relative ever done any work

18    with any police departments, defense lawyers,

19    prosecuting attorney's office, security guards,

20    military police, fire department, or investigators

21    of any kind?

22             PROSPECTIVE JUROR #8: No.

23             THE COURT: Have you yourself or any close

24    friend or relative ever been arrested, charged or

25    convicted of any criminal offense?

1  PROSPECTIVE JUROR #8: Yes.

2  THE COURT: Was that to yourself or close

3  friends or relative?

4  PROSPECTIVE JUROR #8: My son.

5  THE COURT: What was he arrested, charged

6  or convicted of?

7  PROSPECTIVE JUROR #8: CCW.

8  THE COURT: Was anything in that

9  experience that has led you to believe that our

10  criminal justice system ought to be changed in any

11  manner?

12  PROSPECTIVE JUROR #8: No.

13  THE COURT: Anything in that experience

14  you might hold against either the prosecution or

15  the defense in this matter?

16  PROSPECTIVE JUROR #8: No.

17  THE COURT: Listen to my next question

18  very carefully. If the prosecution proves the

19  defendant's guilt beyond a reasonable doubt, what

20  would your verdict be?

21  PROSPECTIVE JUROR #8: Guilty.

22  THE COURT: And if the prosecution fails

23  to prove the defendant's guilt beyond a reasonable

24  doubt, what would your verdict be?

25  PROSPECTIVE JUROR #8: Not guilty.

1         THE COURT: Have you yourself or any close

2  friend or relative ever been victims of crime?

3         PROSPECTIVE JUROR #8: Relative.

4         THE COURT: Kinship?

5         PROSPECTIVE JUROR #8: Granddaughter.

6         THE COURT: What kind of crime?

7         PROSPECTIVE JUROR #8: She was molested.

8         THE COURT: Would you be able to put her

9  experience out of your mind and decide this case

10  based solely on the evidence presented in this

11  courtroom and the law as I give it to you?

12         PROSPECTIVE JUROR #8: Yes.

13         THE COURT: Have you yourself or any close

14  friend or relative ever have any unpleasant

15  experiences with police officers?

16         PROSPECTIVE JUROR #8: No.

17         THE COURT: Are you familiar with the area

18  of West Buena Vista and Linwood in Detroit?

19         PROSPECTIVE JUROR #8: Yes.

20         THE COURT: Would the fact that you're

21  familiar with the area cause you to be unfair to

22  either the prosecution or the defense in this

23  case?

24         PROSPECTIVE JUROR #8: No.

25         THE COURT: Our printout notes that you

1    are divorced; is that right?

2              PROSPECTIVE JUROR #8: Yes.

3              THE COURT: It also notes that you're a

4    retiree; is that right?

5              PROSPECTIVE JUROR #8: Yes.

6              THE COURT: What type of work did you do

7    before retirement?

8              PROSPECTIVE JUROR #8: I worked with the

9    Family Independence Agency.

10              THE COURT: Have you heard anything about

11   this case before coming to this courtroom today?

12              PROSPECTIVE JUROR #8: No.

13              THE COURT: Do you know of any reason why

14   you could not be a fair and impartial juror in this

15   matter?

16              PROSPECTIVE JUROR #8: No.

17              THE COURT: Thank you very much.

18              People pass for cause?

19              MR. HASSINGER: Yes, Judge.

20              THE COURT: Defense pass for cause?

21              MR. LANKFORD: Yes, Your Honor.

22              THE COURT: People wish to exercise any

23   preemptory challenges?

24              MR. HASSINGER: No, Your Honor.

25              THE COURT: Defense wish to exercise any

1          preemptory challenges?

2                    MR. LANKFORD: Yes, and you indicated

3          multiples?

4                    THE COURT: Yes.

5                    MR. LANKFORD: Mr. Kitze in seven.

6                    THE COURT: Mr. Kitze, we thank and excuse

7          you at this time.

8                    MR. LANKFORD: Mr. Takach and Ms. Brooks

9          in eight, please.

10                   THE COURT: Mr. Takach in 11, we thank and

11         excuse you at this time.  And who else did you

12         say?

13                   MR. LANKFORD: Ms. Brooks, in eight?

14                   THE COURT: Seat eight, Ms. Brooks, we

15         thank and excuse you at this time.  Okay, fill

16         seats seven, eight, and eleven.

17                   THE CLERK: Wittrock, Eric, W-i-t-t-r-o-c-k,

18         seat seven, please.

19                   Schuldt, Shawn, S-c-h-u-l-d-t, seat

20         eight.

21                   Morris, John, seat eleven, please.

22                   THE COURT: Mr. Wittrock, Mr. Schuldt, and

23         Mr. Morris we welcome each of you to the jury panel

24         box.  Were you each able to hear and understand the

25         statements I made to the jury panel earlier?

1     PROSPECTIVE JUROR #7: Yes.

2     PROSPECTIVE JUROR #8: Yes.

3     PROSPECTIVE JUROR #11: Yes.

4     THE COURT: We're going to start with Mr.

5 Wittrock who is in seat number seven.  Do you

6 remember the series of questions I'm speaking of

7 when I refer to the group questions?

8     PROSPECTIVE JUROR #7: Yes.

9     THE COURT: Would  you have answered any

10 of those questions yes?

11     PROSPECTIVE JUROR #7: No.

12     THE COURT: Have you yourself or any close

13 friend or relative ever done any work with any

14 police departments, defense lawyers, prosecuting

15 attorney's office, security guards, military

16 police, fire department, or investigators of any

17 kind?

18     PROSPECTIVE JUROR #7: No.

19     THE COURT: Have you yourself or any close

20 friend or relative ever been arrested, charged or

21 convicted of any criminal offense?

22     PROSPECTIVE JUROR #7: No.

23     THE COURT: Have you yourself or any close

24 friend or relative ever been victims of crime?

25     PROSPECTIVE JUROR #7: No.

1     THE COURT: Have you yourself or any close

2  friend or relative ever have any unpleasant

3  experiences with police officers?

4     PROSPECTIVE JUROR #7: No.

5     THE COURT: Are you familiar with the area

6  of West Buena Vista and Linwood in Detroit?

7     PROSPECTIVE JUROR #7: No.

8     THE COURT: Our printout notes that you're

9  married; is that correct?

10    PROSPECTIVE JUROR #7: Yes, ma'am.

11    THE COURT: Are you presently employed?

12    PROSPECTIVE JUROR #7: Yes.

13    THE COURT: What type of work do you do?

14    PROSPECTIVE JUROR #7: Marketing.

15    THE COURT: And your spouse, is she

16  employed outside of the home?

17    PROSPECTIVE JUROR #7: Yes.

18    THE COURT: What type of work does she

19  do?

20    PROSPECTIVE JUROR #7: Optometry.

21    THE COURT: Have you heard anything about

22  this case before coming to this courtroom today?

23    PROSPECTIVE JUROR #7: No.

24    THE COURT: Do you know of any reason why

25  you could not be a fair and impartial juror in this

1    matter?

2             PROSPECTIVE JUROR #7: No, ma'am.

3             THE COURT: Thank you very much.

4             Mr. Schuldt, do you remember the series

5    of questions I'm speaking of when I refer to the

6    group questions?

7             PROSPECTIVE JUROR #8: Yes, ma'am.

8             THE COURT: Would you have answered any of

9    those questions yes?

10            PROSPECTIVE JUROR #8: Yes, I would,

11    ma'am.

12            THE COURT: Which ones, sir?

13            PROSPECTIVE JUROR #8:  I served on a jury

14    before.

15            THE COURT: Civil or criminal matter?

16            PROSPECTIVE JUROR #8: Criminal.

17            THE COURT: Did the charge have anything

18    to do with murder or possession of a firearm?

19            PROSPECTIVE JUROR #8: Yes, ma'am.

20            THE COURT: Would you be able to put that

21    prior jury experience out of your mind and decide

22    this case based solely on the evidence presented in

23    this courtroom and the law as I give it to you?

24            PROSPECTIVE JUROR #8: Yes, ma'am.

25            THE COURT: Was there anything in that

1   prior jury experience that might cause you to be

2   unfair to either the prosecution or the defense in

3   this matter?

4               PROSPECTIVE JUROR #8: No, ma'am.

5               THE COURT: Was that the only group

6   questions you would have answered yes?

7               PROSPECTIVE JUROR #8: Yes.

8               THE COURT: Have you yourself or any close

9   friend or relative ever done any work with any

10  police departments, defense lawyers, prosecuting

11  attorney's office, security guards, military

12  police, fire department, or investigators of any

13  kind?

14              PROSPECTIVE JUROR #8: No, ma'am.

15              THE COURT: Have you yourself or any close

16  friend or relative ever been arrested, charged or

17  convicted of any criminal offense?

18              PROSPECTIVE JUROR #8: Yes, ma'am.

19              THE COURT: Was that to yourself of close

20  friends or relatives?

21              PROSPECTIVE JUROR #8: Several nephews and

22  nieces.

23              THE COURT: What kinds of crimes?

24              PROSPECTIVE JUROR #8: Car-jacking, joy

25  riding, possession of firearm, possession of

1 narcotics.

2    THE COURT: Anything in any of those

3 experiences that have led you to believe that our

4 criminal justice system ought to be changed in any

5 manner?

6    PROSPECTIVE JUROR #8: No, ma'am.

7    THE COURT: Anything in any of those

8 experiences you might hold against either the

9 prosecution or the defense in this matter?

10    PROSPECTIVE JUROR #8: No, ma'am.

11    THE COURT: Listen to my next question

12 very carefully. If the prosecution proves the

13 defendant's guilt beyond a reasonable doubt, what

14 would your verdict be?

15    PROSPECTIVE JUROR #8: Guilty.

16    THE COURT: And if the prosecution fails

17 to prove the defendant's guilt beyond a reasonable

18 doubt, what would your verdict be?

19    PROSPECTIVE JUROR #8: Innocent.

20    THE COURT: We don't have a verdict called

21 innocent.  We think that's for a higher authority.

22 It really ought to be proven beyond a reasonable

23 doubt or not proven beyond a reasonable doubt.  And

24 the verdicts are guilty or not guilty.  You do

25 understand?

1          PROSPECTIVE JUROR #8: Yes, ma'am.

2          THE COURT: Have you yourself or any close

3     friend or relative ever been victims of crime?

4          PROSPECTIVE JUROR #8: Yes, ma'am.

5          THE COURT: What kinds of crime, sir?

6          PROSPECTIVE JUROR #8: My nephew was shot

7     in my hallway four years ago.

8          THE COURT: The circumstances?

9          PROSPECTIVE JUROR #8: Trying to break up

10    a fight.

11         THE COURT: Would you be able to put that

12    experience out of your mind and decide this case

13    presented in this courtroom and the law case as I

14    give it to you?

15         PROSPECTIVE JUROR #8: Yes, ma'am.

16         THE COURT: Have you yourself or any close

17    friend or relative ever have any unpleasant

18    experiences with police officers?

19         PROSPECTIVE JUROR #8: Yes, ma'am and

20    family members also.

21         THE COURT: Okay, when was the last time

22    that you had such an experience?

23         PROSPECTIVE JUROR #8: About a month ago.

24         THE COURT: Would you be able to put all

25    of those experiences out of your mind and decide

1    this case based solely on the evidence presented in

2    this courtroom and the law as I give it to you?

3              PROSPECTIVE JUROR #8: Yes, ma'am.

4              THE COURT: Are you familiar with the area

5    of West Buena Vista and Linwood in Detroit?

6              PROSPECTIVE JUROR #8: Yes, ma'am.

7              THE COURT: Would the fact that you're

8    familiar with the area cause you to be unfair to

9    either the prosecution or the defense in this

10   matter.

11             PROSPECTIVE JUROR #8: No, ma'am.

12             THE COURT: Our printout notes that you're

13   married; is that correct?

14             PROSPECTIVE JUROR #8: Yes, ma'am.

15             THE COURT: Are you presently employed?

16             PROSPECTIVE JUROR #8: Yes, I am.

17             THE COURT: What type of work do you do?

18             PROSPECTIVE JUROR #8: I'm a machinist.

19             THE COURT: And your spouse, is she

20   employed outside of the home at this time?

21             PROSPECTIVE JUROR #8: No, she's not.

22             THE COURT: Have you heard anything about

23   this case before coming to this courtroom today?

24             PROSPECTIVE JUROR #8: No, I have not.

25             THE COURT: Do you know of any reason why

1    you could not be a fair and impartial juror in this

2    matter?

3                    PROSPECTIVE JUROR #8: No, ma'am.

4                    THE COURT: Thank you very much.

5                    PROSPECTIVE JUROR #8: You're welcome.

6                    THE COURT: Mr. Morris, do you remember

7    the series of questions I'm speaking of when I

8    refer to the group questions?

9                    PROSPECTIVE JUROR #11: Yes.

10                   THE COURT: Would you have answered any of

11   those questions?

12                   PROSPECTIVE JUROR 11#: No.

13                   THE COURT: Have you yourself or any close

14   friend or relative ever done any work with any

15   police departments, defense lawyers, prosecuting

16   attorney's office, security guards, military

17   police, fire department, or investigators of any

18   kind?

19                   PROSPECTIVE JUROR #11: No, ma'am.

20                   THE COURT: Have you yourself or any close

21   friend or relative ever been arrested, charged or

22   convicted of any criminal offense?

23                   PROSPECTIVE JUROR #11: No.

24                   THE COURT: Have you yourself or any close

25   friend or relative ever been victims of crime?

1                 PROSPECTIVE JUROR #11: No.

2                 THE COURT: Have you yourself or any close

3  friend or relative ever have any unpleasant

4  experiences with police officers?

5                 PROSPECTIVE JUROR #11: No.

6                 THE COURT: Are you familiar with the area

7  of Buena Vista and Linwood in Detroit?

8                 PROSPECTIVE JUROR #11: No, ma'am.

9                 THE COURT: Our printout notes that you're

10  married; is that correct?

11                PROSPECTIVE JUROR #11: Yes.

12                THE COURT: Are you presently employed?

13                PROSPECTIVE JUROR #11: Yes.

14                THE COURT: What type of work do you do?

15                PROSPECTIVE JUROR #11: I'm a supervisor.

16                THE COURT: For what kind of a group or

17  organization?

18                PROSPECTIVE JUROR #11: In a factory.

19                THE COURT: And your spouse, is she

20  employed outside of the home at this time?

21                PROSPECTIVE JUROR #11: Yes, she's an

22  electrician.

23                THE COURT: Have you heard anything about

24  this case before coming to this courtroom today?

25                PROSPECTIVE JUROR #11: No, I haven't.

1          THE COURT: Do you know of any reason why

2     you could not be a fair and impartial juror in this

3     matter?

4          PROSPECTIVE JUROR #11: No, ma'am.

5          THE COURT: Thank you very much.

6          People pass for cause?

7          MR. HASSINGER: Yes, Judge.

8          THE COURT: Defense pass for cause?

9          MR. LANKFORD: Yes, Your Honor.

10         THE COURT: It is the People's opportunity.

11         MR. HASSINGER: Thank you, Judge.   The

12    People would like to thank and excuse Mr. Schuldt

13    in seat eight.

14         THE COURT: Mr. Schuldt, we thank and

15    excuse you at this time.

16         THE CLERK: Klug-Hood, Gayle seat eight,

17    please.

18         THE COURT: Mrs. Klug-Hood, welcome to the

19    jury panel box.  Were you able to hear and

20    understand all the statements I made to the jury

21    panel earlier?

22         PROSPECTIVE JUROR #8: Yes.

23         THE COURT: Do you remember the series of

24    questions I'm speaking of when I refer to the group

25    questions?

1          PROSPECTIVE JUROR #8: Yes.

2          THE COURT: Would you have answered any of

3    those questions yes?

4          PROSPECTIVE JUROR #8: No.

5          THE COURT: Have you yourself or any close

6    friend or relative ever done any work with any

7    police departments, defense lawyers, prosecuting

8    attorney's office, security guards, military

9    police, fire department, or investigators of any

10   kind?

11         PROSPECTIVE JUROR #8: I worked for an

12   attorney.

13         THE COURT: Anything in that experience

14   that has led you to believe that our criminal

15   justice system ought to be changed in any manner?

16         PROSPECTIVE JUROR #8: No.

17         THE COURT: Anything in that experience

18   you might hold against either the prosecution or

19   the defense in this matter?

20         PROSPECTIVE JUROR #8: No.

21         THE COURT: Do you do any criminal

22   defense work?

23         PROSPECTIVE JUROR #8: There was an

24   attorney in that group that did.

25         THE COURT: Do you?

1    PROSPECTIVE JUROR #8: No.

2    THE COURT: Would you believe a police

3    officer before you'd believe an ordinary citizen

4    simply because one was a police officer?

5    PROSPECTIVE JUROR #8: No.

6    THE COURT: Have you yourself or any close

7    friend or relative ever been arrested, charged or

8    convicted of any criminal offense?

9    PROSPECTIVE JUROR #8: Yes.

10   THE COURT: Was that to yourself or close

11   friend or relative?

12   PROSPECTIVE JUROR #8: My daughter's

13   boyfriend.

14   THE COURT: What was he arrested, charged,

15   or convicted of?

16   PROSPECTIVE JUROR #8: DWI.

17   THE COURT: Was there anything in that

18   experience that has led you to believe that our

19   criminal justice system ought be changed in any

20   manner?

21   PROSPECTIVE JUROR #8: No.

22   THE COURT: Anything in that experience

23   you might hold against either the Prosecution or

24   the Defense in this manner?

25   PROSPECTIVE JUROR #8: No.

1        THE COURT: Listen to my next question

2    very carefully. If the Prosecution proves the

3    Defendant's guilt beyond a reasonable doubt, what

4    would your verdict be?

5        PROSPECTIVE JUROR #8: Guilty.

6        THE COURT: And if the prosecution fails

7    to prove the defendant's guilt beyond a reasonable

8    doubt, what your verdict be?

9        PROSPECTIVE JUROR #8: Not guilty.

10        THE COURT: Have you yourself or any close

11    friend or relative ever been victims of crime?

12        PROSPECTIVE JUROR #8: My husband, held up

13    at gunpoint.

14        THE COURT: Would you be able to put his

15    experience out of your mind and decide this case

16    based solely on the evidence presented in courtroom

17    and the law as I give it to you?

18        PROSPECTIVE JUROR #8: Yes.

19        THE COURT: Have you yourself or any close

20    friend or relative ever have any unpleasant

21    experiences with police officers?

22        PROSPECTIVE JUROR #8: No.

23        THE COURT: Are you familiar with the area

24    of West Buena Vista and Linwood in Detroit?

25        PROSPECTIVE JUROR #8: No.

1    THE COURT: Our printout notes that you're

2    married; is that correct?

3    PROSPECTIVE JUROR #8: Yes.

4    THE COURT: Are you presently employed?

5    PROSPECTIVE JUROR #: Yes.

6    THE COURT: What type of work do you do?

7    PROSPECTIVE JUROR #8: Accounting.

8    THE COURT: And your spouse, is he

9    employed outside of the home at this time?

10    PROSPECTIVE JUROR #8: No.

11    THE COURT: Have you heard anything about

12    this case before coming to this courtroom today?

13    PROSPECTIVE JUROR #8: No.

14    THE COURT: Do you know of any reason why

15    you could not be a fair and impartial juror in this

16    matter?

17    PROSPECTIVE JUROR #8: No.

18    THE COURT: Thank you very much.

19    People pass for cause?

20    MR. HASSINGER: Yes, Judge, thank you.

21    THE COURT: Defense pass for cause?

22    MR. LANKFORD: Yes, Your Honor.

23    THE COURT: People wish to exercise any

24    preemptory challenges?

25    MR. HASSINGER: No, Your Honor.

1        THE COURT: Wait a minute. That was your

2   turn.   It's Defense's opportunity.

3        MR. LANKFORD: If I can get a moment,

4   please.

5        THE COURT: Okay.

6        MR. LANKFORD: Defense passes, Your Honor.

7        THE COURT: People wish to exercise any

8   peremptory challenges?

9        MR. HASSINGER: Pass, Judge, we have a

10  jury.

11       THE COURT: Okay, then we do have a jury.

12  To the jurors out in the audience, this court and

13  all the parties in this matter appreciate your

14  attention during the course of voir dire.  I wish I

15  can tell you this is your one day jury trial but I

16  cannot.  We have to send you back upstairs where

17  you may be sent to another courtroom.  Thank you

18  for cooperating with us.  If you will step

19  outside.

20       Ladies and gentlemen of the jury, I'm

21  going to give you some preliminary instructions and

22  then we're going to send you home for the day.

23  Because as we told you, we started this case, we

24  were able to pick the jury a day earlier than we

25  thought because some things fell through on my

docket and the attorneys happened to be available.
This case is actually set to start tomorrow.

So, what I want to do is explain to you
that it is my responsibility as the judge in this
trial to make sure that this trial is run fairly
and efficiently, to make decisions about the
evidence, and to instruct you about the law that
applies to this case.

You must take the law as I give it to
you.  Nothing I say is meant to reflect my own
opinion about the facts of this case. As jurors you
are the ones who will decide this case.

Your responsibility as jurors is to
decide what the facts of this case are.  This is
your job and no one else's.  You must think about
all of the evidence and all the testimony and then
decide what each piece of evidence means and how
important you think it is.  This includes how much
you believe of what each of the witnesses say.
What you decide about any fact in this case is
final.

Now, when it is time for you to decide
this case, you are only allowed to consider the
evidence that has been properly admitted.  The
evidence in this case will include all of the sworn

testimony of witnesses.  There may be physical

exhibits admitted into evidence, and of course

anything else I tell you to consider as evidence,

you may consider it as evidence.

It is your job to decide what the facts

of this case are.  This is your job and no one

else's. You must decide which witnesses you will

believe and how important you think their testimony

is. You do not have to accept or reject everything

a witness says. You're free to believe all, none,

or part of any person's testimony.

In deciding which testimony you believe,

you should reply on your own common sense and

everyday experience.

However, in deciding whether you believe

a witness's testimony, you must set aside any bias

or prejudice you have based on race, gender or

natural origin of the witnesses.

Now, there's no fixed set of rules for

judging whether you believe a witness.  But it may

help you to think about these questions.  Was the

witness able to see or hear clearly; how long was

the witness watching or listening; was anything

else going on that might have distracted the

witness; does the witness seem to have a good

1   memory; how did the witness look and act while

2   testifying; does the witness seem to be making an

3   honest effort to tell the truth or does the witness

4   seem to evade the questions or argue with the

5   lawyers; does the witnesses age or maturity effect

6   how you judge his or her testimony; does the

7   witness have any bias or prejudice or personal

8   interest in how this case is decided?

9           In general, does the witness have any

10   special reason to tell the truth or any special

11   reason to lie?

12           All in all, how reasonable does the

13   witness's testimony seem when you think about all

14   of the other evidence in this case?

15           I want to caution you.  The questions the

16   lawyers asks the witnesses are not evidence.  Only

17   the answers are evidence. You should not think that

18   something is true just because one of the lawyers

19   ask questions that suggest or assumes that it is

20   true.  Listen very closely to the answers of the

21   witnesses.  That is the evidence.

22           During this trial the lawyers are going

23   to make an objection to certain questions or

24   statements made by the other lawyers or witnesses.

25   I will rule upon these objections according to the

1   law.  My rulings for or against one side or the

2   other are not meant to reflect my personal opinion

3   about the facts of this case.

4          Now, sometimes the lawyers and I will

5   have discussions out of your hearing.  Also while

6   you're in the jury room I may take care of other

7   matters having absolutely nothing to do with this

8   case. And sometimes while you're here in the

9   courtroom, I'll have other attorneys approach the

10  bench so that I can take care of these other

11  matters right here. Pay no attention to these

12  interruptions.

13         You must not discuss this case with

14  anyone including your family or friends. You must

15  not even discuss it with the other jurors until the

16  time comes for you to decide this case. When it is

17  time to decide this case, I will send you to the

18  jury room for that purpose, then you should discuss

19  this case among yourselves, but only in the jury

20  room and only when all the jurors are there.

21         When this trial is over you may, if you

22  wish, discuss this case with anyone you choose, but

23  until that time we ask you to control your natural

24  desires to discuss this matter both here and at

25  home. I will call for several recesses during this

1      trial and I will either send you back to the jury

2      room or allow you to leave the courtroom on your

3      own and go about your own business.

4              But you must not discuss this case with

5      anyone or let anyone discuss it with you or in your

6      presence. If someone tries to do that, tell them

7      that you're on the jury trial in the case and ask

8      them to stop.  Explain that as a juror you are not

9      allowed to discuss this case. If she or he continues

10     leave them at once and report that matter to this

11     court as soon as you return to court and you do

12     that by telling any of the officers stationed here

13     in the courtroom.

14              Now, you must not talk to the defendant,

15     the lawyers or the witness about anything at all,

16     even if it has nothing to do with the case.

17              Please, understand that from this point

18     forward if you should see any of the parties out in

19     the hallway, they will not intend to snub you, but

20     they will be acting under court order to have

21     absolutely no conversation with you.  And by that

22     we mean even so much as a hello or good-bye, and we

23     ask you to assist us in that regard by you not

24     attempting to have any conversation with them.

25              It is very important that you only get

1   information about this case in court when you're

2   acting as a jury and when the defendant, the

3   lawyers and I are all here.

4           Do not go to the scene of the alleged

5   crime. If it is necessary to for you to view  the

6   scene, you will be taken there as a group under my

7   supervision.  Do not investigate anything about the

8   case on your own or make any experiments, and do

9   not go on-line and start downloading legal definitions.

10  If you need a legal definition, I will give it to

11  you.

12          I don't believe that it is desirable or

13  helpful for you to take notes during this trial. If

14  you take notes you might not be able to give your

15  full attention to the evidence, so please do not

16  take any notes while you are in the jury room or in

17  the courtroom.

18          We have chosen a jury of 14 in this case,

19  after you heard all evidence and my instructions we

20  will draw lots and decide which two of you will be

21  dismissed in order to form a jury of 12.  None of

22  us knows who those two will be.  It will be very

23  important for all of you to pay close attention to

24  what is said and what occurs throughout the entire

25  course of this trial.

1   In just a few moments we're going to rise

2   and allow you to go home and have a good evening

3   and to be back here tomorrow morning.   The

4   officer's going to give you security passes and

5   he'll explain those to you.   But I'm also going to

6   give you a card.   When he gives you the security

7   passes, the card is already inserted in them.

8   In case for some reason and we had some

9   bad weather earlier this week and we had two jurors

10  who couldn't -- well, the expressway was just a

11  little bit of snow, but everything got really bad

12  so everybody was late getting here.   So if you have

13  any kind of a problem, we'd like you to call and

14  let us know ASAP that you have some kind of a

15  problem.

16  Now as I said you may not discuss this

17  case among yourselves nor with anyone else.   I want

18  to also tell you this, I start promptly at 9:00

19  o'clock. And unless there's some real good excuse

20  like the bad weather that we had with all the

21  accidents on the expressway.   The lawyers will be

22  here at 9:00 o'clock because if they're not and if

23  they're late, I fine them $250.   And I'm going to

24  be here and the defendant will be here because he

25  wants to keep me happy.

1   I'm going to ask you to assist us in

2   getting this case tried as efficiently as possible

3   by your all being here at 9:00 o'clock so we can

4   start as soon as possible.

5   We'll rise for you to go home for the

6   day.  Everyone rise.  Jurors are free to go home to

7   be back here tomorrow morning at 9:00 a.m.

8   (Jury exits courtroom)

9   THE COURT: Okay, you may be seated.  You

10  noted I did not swear the jurors.

11  MR. HASSINGER: Right.

12  THE COURT: For several reasons.  Number

13  one, anything could happen.  We've been having

14  really bad luck lately.  We could lose two jurors

15  real fast or three and then I got a problem, so I

16  don't want to do that.

17  The other thing is since we don't have

18  the witnesses here I'd like for you to try and have

19  them all here at 9:00 a.m.  I want them here at

20  9:00 a.m. because the first thing I want to do

21  before we swear the jurors is to bring in the

22  witnesses and ask them if they recognize any of

23  those persons, and if they don't, we're in good

24  shape.  If we got somebody who recognizes someone,

25  we'll excuse that person and then we'll get some

1        more people from upstairs to complete our panel.

2        And as soon as we have all 14, then we'll swear

3        them tomorrow.   Okay?

4                    MR. HASSINGER: Yes, Judge.

5                    MR. LANKFORD: Yes, Your Honor.

6                    THE COURT: Okay, then we'll see you

7        tomorrow morning at 9:00 a.m.   Thank you.

8                    (Proceeding concluded.)

113

1

2

3           R E P O R T E R ' S     C E R T I F I C A T E

4

5

6                        I do hereby certify that I have

7       recorded stenographically the proceedings had and

8       testimony taken in the above-entitled matter at the time

9       and place hereinbefore set forth, and that the foregoing

10      is a full, true and correct transcript of the proceedings

11      had in the above-entitled matter; and I do further

12      certify that the foregoing transcript has been prepared

13      by me or under my direction.

14

15                          Debra L.   Finch

16                          Certified Shorthand Reporter - 5702

17

Dated:   August 9, 2003

18

19

20

21

22

23

24

25