UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHON D. HOUSTON,

        Petitioner,

Case No. 2:08-cv-10963

HONORABLE LAWRENCE P. ZATKOFF

v.

NICK LUDWICK,

        Respondent.
                                 /

### OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY

Michon Houston, a prisoner in the custody of Nick Ludwick, petitions for the writ of habeas corpus pursuant to 28 U.S.C. § 2254. Houston is held in custody under authority of an April 22, 2003 Judgment of Sentence imposing a life sentence as well as several lesser sentences, resulting from a Wayne Circuit Court jury trial conviction of first-degree murder, felon in possession of a firearm, and felony-firearm.

In his petition, Houston raises the following eight claims:

I.     The petitioner was deprived of his Fifth and Fourteenth Amendment rights to due process and a fair trial when the prosecutor introduced "flight" evidence into the trial, which was unrelated to the charged offence.

II.    Petitioner was deprived of his Fifth and Fourteenth Amendment right to due process when the prosecution vouched for the credibility of his own witness.

III.   Petitioner was denied the effective assistance of counsel when trial counsel failed to object to the improper conduct on the part of the prosecutor, failed to object to the introduction of inadmissible and prejudicial evidence, failed to advance a defense of manslaughter, and interfered with petitioner's right to testify.

IV.   The evidence of premeditation and deliberation was insufficient to sustain a conviction of first degree murder.

V.    Petitioner Houston was deprived his constitutional right to a fair trial due to the cumulative effect of the prejudicial errors which occurred during his trial.

VI. Petitioner Houston was deprived of the effective assistance of counsel on his first appeal of right when appellate counsel failed to challenge [and/or] advocate the errors presented herein that were both "obvious and significant."

VII. Petitioner was denied a fair trial by the introduction and argument of evidence that he had assaulted prosecution witness Lavero Crooks with a gun and had threatened to kill him over drug turf.

VIII. The trial court's instruction on the causation element of murder directed a verdict on that element and/or shifted the burden of proof; counsel's failure to object constituted ineffective assistance.

Respondent argues that the petition must be denied because Houston's first six claims have been procedurally defaulted, his seventh claim fails to establish a basis for habeas relief, and his eighth claim was defaulted when he expressed satisfaction with the jury instructions.

## FACTS AND PROCEDURAL POSTURE

Houston was convicted of first degree premeditated murder, felon in possession of a firearm, and felony firearm on April 7, 2003. These convictions arose from the shooting death of Carlton Thomas. Two witnesses, Laverno Crooks and Jovan Johnson, testified that they witnessed Houston confront and shoot Thomas in an empty lot in the early morning of September 6, 2002. Houston, Crooks and Johnson were drug dealers, while Thomas was apparently looking to purchase drugs.

Following his conviction, Houston appealed to the Michigan Court of Appeals. In this appeal by right, Houston raised the claims that currently form his seventh and eighth habeas claims, the erroneous admission of evidence regarding Lavero Crooks and the claimed erroneous jury instruction. The Court of Appeals affirmed Houston's conviction and sentence in an unpublished per curiam opinion. *People v. Houston*, 2004 WL 2533568 (Mich. App. Nov. 9, 2004). The Michigan Supreme Court denied leave to appeal. *People v. Houston*, 472 Mich. 918 (Table) (2005).

Houston then filed a Motion for Relief from Judgment in the trial court, alleging what are now his first six grounds for relief. The trial court denied Houston's motion in an order issued November 15, 2006. Houston filed an application for leave to appeal this denial with the Court of Appeals.

The Court of Appeals denied leave to appeal for failure to meet the burden of establishing entitlement to relief under M.C.R. 6.508(D). *People v. Houston*, Mich. App. No. 275644 (June 18, 2007). The Michigan Supreme Court denied leave to appeal for failing to meet the burden of establishing entitlement to relief under M.C.R. 6.508(D), *People v. Houston*, 480 Mich. 1004 (Table) (2007), and denied Petitioner's motion for reconsideration. *People v. Houston*, 480 Mich. 1078 (2008).

Houston filed his federal petition on March 6, 2008.

## STANDARD OF REVIEW

28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C.A. § 2254

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal court "may not issue the writ simply because that court concludes in its independent judgment that the

relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.

## ANALYSIS

Respondent argues that review of Houston's first six habeas claims is barred by the doctrine of procedural default; that his seventh claim is not cognizable in this action, and that his eighth claim was waived by his trial counsel and is otherwise meritless. Upon review, the Court finds that review of the claims is not barred by the doctrine of procedural default. Nonetheless, the claims lack merit and the Petition will be denied.

### I.  PROCEDURAL DEFAULT

A federal court may issue the writ of habeas corpus when a state prisoner is held in custody in violation of the federal constitution or laws. The writ may not issue, however, if adequate and independent state law grounds justify the prisoner's detention. *Edwards v. Carpenter*, 529 U.S. 446, 454 (2000) (Breyer, concurring). Where a state court declines to pass on a federal claim because the claim was not presented in the manner prescribed by the state's procedural rules, a federal court may review the claim under certain, highly limited, circumstances. "Out of respect for finality, comity, and the orderly administration of justice, a federal court will not entertain a procedurally defaulted constitutional claim in a petition for habeas corpus absent a showing of cause and prejudice to excuse the default." *Dretke v. Haley*, 541 U.S. 386, 388 (2004).

In order to determine whether a claimed procedural default constitutes an adequate and independent state-law basis justifying Petitioner's detention, the district court must apply the analysis set forth by the Sixth Circuit in *Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986). The district court must first determine that there is a state procedural rule applicable to

petitioner's claim with which petitioner failed to comply. *Id.* at 138. Second, the court must determine whether the state courts actually enforced the state procedural sanction. *Id.* Third, the court must decide whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of the federal constitutional claim. *Id.*

> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Id.* (citations omitted).

It does not appear from the record that Petitioner's first six habeas claims were procedurally defaulted in the state courts. Petitioner did not assert on direct appeal the first six claims asserted in his Petition. He did, however, raise the claims in a post-appeal motion for relief from judgment under MCR 6.500. The trial court's order denying post-conviction relief, while brief, went to the merits of Petitioner's claims. The Michigan Court of Appeals and Supreme Court each denied leave to appeal, citing MCR 6.508(D). Where the state appellate court's orders are brief and cite Rule 6.508(D), this Court must look to the last reasoned state court opinion to determine the basis for rejecting the defendant's claims. *Guilmette v. Howes*, 624 F.3d 286, 291 (6th Cir. 2010). The last reasoned opinion is the trial court's November 15, 2006 order, which rejects Petitioner's claims on the merits.[1] The

---

[1] The procedural posture is somewhat confusing. Houston's first motion for relief from judgment was rejected by the trial court because the accompanying brief filed by Houston was more than twice the length permitted by MCR 2.119(A)(2). Houston appealed this order of the trial court, and the Michigan Court of Appeals affirmed. *People v. Houston,* No. 267865 (Mich. App. June 12, 2006) (Dkt. 7-12 at p. 1). Houston then apparently returned to the trial court and refiled his motion for relief from judgment, raising the same issues. The trial court denied the second motion on the merits. *People v. Houston,* No. 03-1609, Order dated November 15, 2006 (Dkt. 7-13 at pp. 54-55).

5

doctrine of procedural default bars review only if the state courts actually applied a procedural bar to reviewing the petitioner's claims. *Maupin*, 785 F.2d at 138. As the state court did not apply the procedural bar, but rather went on to review Petitioner's claims on the merits, the doctrine of procedural default does not apply.

## II. PETITIONER'S HABEAS CLAIMS LACK MERIT

Houston asserts in his Petition that his federal constitutional rights were violated by (1) the admission of evidence that Houston fled from police about two months after the Thomas homicide; (2) the prosecution vouched for its own witness; (3) ineffective assistance of trial counsel; (4) insufficient evidence of premeditation and deliberation; (5) cumulative error; (6) ineffective assistance of appellate counsel; (7) admission of evidence that the Petitioner had assaulted a witness with a gun and threatened to kill him over drug turf; and (8) the instruction on the causation element of murder directed a verdict and/or shifted the burden of proof to the defendant. As discussed below, the Michigan courts reached the merits of each claim, either on Houston's direct appeal or on his motion for relief from judgment. Thus, habeas relief is only available if the courts' rejection of those claims was unreasonable under clearly established law as established by the holdings of the United States Supreme Court. 28 U.S.C. § 2254(d); *Williams*, 529 U.S. at 405-06. As discussed below, the Court finds that Petitioner has failed to establish that Michigan courts unreasonably denied his federal constitutional claims. The Petition will therefore be denied.

---

The Michigan Court of Appeals and the Michigan Supreme Court denied leave to appeal in form orders citing MCR 6.508(D). (Dkt. 7-12 p. 1; Dkt. 7-13 p.1).

A.  **<u>Admission of Flight Evidence</u>**

Houston's first habeas claim is that he was deprived of his Fifth and Fourteenth Amendment rights to due process and a fair trial when the trial court admitted evidence that Houston fled from police when they were trying to arrest him, based on information obtained from Crooks about two months after the homicide. This claim was raised in Houston's MCR 6.500 motion for relief from judgment. The trial court addressed this claim as follows:

> Defendant's first issue concerns the introduction of flight as evidence against him in the murder trial. Defendant claims that because the officers were arresting him on an unrelated charge it was irrelevant.... An examination of the charge to the jury discloses that an instruction on flight was given. Flight can show a consciousness of guilt. It does not matter why the police were trying to arrest. The attempt to flee was after the alleged murder. Therefore it was relevant.

*People v. Houston*, No. 03-1609, Order dated Nov. 15, 2006.

This holding is not an unreasonable application of clearly established United States Supreme Court law. The United States Supreme Court has long held that evidence of flight after committing a crime, while not sufficient in and of itself to sustain a conviction, is relevant to establish a defendant's consciousness of guilt. *See, e.g., Allen v. United States*, 164 U.S. 492, 499 (1896); *Alberty v. United States*, 162 U.S. 499, 510-11 (1896); *cf. Illinois v. Wardlow*, 528 U.S. 119, 124-25 (2000) (suspect's unprovoked flight from police relevant to issue of reasonable suspicion, because "[h]eadlong flight - wherever it occurs - is the consummate act of evasion: It is not necessarily indicative of wrongdoing, but it is certainly suggestive of such.")

Petitioner cites the former Fifth Circuit case of *United States v. Myers*, 550 F.2d 1036 (5th Cir. 1977), and cases following it, including *United States v. Dillon*, 870 F.2d 1125 (6th Cir. 1989), for the proposition that there has to be a greater nexus shown between the flight

7

and the crime charged for the evidence to be admissible as consciousness of guilt. These cases, however, address the admissibility of the evidence under the Federal Rules of Evidence, rather than the United States Constitution. The holding of the Michigan court that the evidence that Houston fled from police was admissible because the flight was done after the murder does not controvert any clearly established United States Supreme Court holding.

### B. <u>Witness Vouching</u>

The second claim in the Petition is that Petitioner's right to due process was violated when the prosecutor vouched for the credibility of his own witness during closing argument. The trial court addressed this claim on the merits as follows:

> Defendant next claims that the prosecutor vouched for the witnesses. Defendant takes the comment out of context. Trial transcript of April 7, 2003 at page 58.
>
> > He's here to testify on his friend and he tells you who pulls the trigger. His friend Mr. Michon Houston is the triggerman. That's what you folks have to deal with. That's why I told you up front these people are drug dealers. You won't like them, but they're telling the truth. *Based on all evidence you know they are.*
>
> This is not vouching. This is arguing what the evidence tends to show.

*People v. Houston*, Nov. 15, 2006 Order at 2 (emphasis original).

This holding is not an unreasonable application of clearly established federal law. A prosecutor may not express his or her personal belief or opinion as to the truth or falsity of evidence or the guilt of the accused, but may comment on what the evidence shows. *United States v. Young*, 470 U.S. 1, 7-8 (1985). The Michigan court held that the prosecutor's closing statement did not constitute improper vouching, but rather argued based on the evidence. This holding is not an unreasonable application of clearly established federal law.

8

## C. Ineffective Assistance of Trial Counsel

The third claim of the Petition asserts that Houston's trial counsel was constitutionally ineffective for failing to object to improper conduct on the part of the prosecutor, failing to object to the introduction of inadmissible and prejudicial evidence, failing to advance a defense of manslaughter and interfering with petitioner's right to testify.

The trial court addressed the claims of ineffective assistance of counsel on the grounds of failure to object to improper conduct and flight evidence and interference with petitioner's right to testify as follows:

> Defendant next claims ineffective assistance of trial counsel. Defendant admits that the question of prior bad acts was raised before the Court of Appeals. Therefore, defendant is not entitled to relief on this ground pursuant to MCR 6.508(D)(2). The next two issues concern the question of flight and failure to object to vouching. These issues are without merit. Finally defendant testified that counsel was ineffective because he told defendant that he should not testify. Giving of advice did not deprive the defendant of his right to testify.

*People v. Houston*, No. 03-1609, Order dated Nov. 15, 2006.

The trial court thus explicitly reached the claims of ineffective assistance as to three of the four grounds asserted by Petitioner here. The trial court's order did not explicitly reach the claim of ineffective assistance with regard to Petitioner's fourth claim of ineffective assistance, failure to advance a defense of manslaughter. Nonetheless, this Court must presume that this claim of ineffective assistance was also rejected on the merits. *See Harrington v. Richter,* __ U.S. __, 131 S.Ct. 770, 784 (2011) (state court decision unaccompanied by statement of reasons constitutes decision on the merits for purposes of 28 U.S.C. § 2254(d)). Thus, the question before the Court is whether the holding of the Michigan court that Petitioner's trial counsel was not constitutionally ineffective was an

9

unreasonable application of clearly established law as set forth by the holdings of the United States Supreme Court. *Id.*

Upon review of the entire record, and as discussed immediately below, there is no support for Petitioner's assertion that his trial counsel was constitutionally ineffective for failing to raise these claims, and therefore the holding of the Michigan court was not an unreasonable application of clearly established federal law.

### 1. Failure to object to prosecutorial misconduct and admission of flight

Petitioner asserts that his trial counsel was constitutionally ineffective for failing to object to the prosecutor's improper vouching for his own witnesses and to the admission of evidence that the Petitioner fled from police. As discussed above in sections II A and B, neither claim would be successful. Counsel is not ineffective for failing to raise claims that have little or no chance of success. *Goff v. Bagley*, 601 F.3d 445, 468 (6th Cir. 2010).

### 2. Depriving defendant of right to testify

Houston asserts that his trial counsel interfered with his right to testify. Petitioner, during trial, testified outside the presence of the jury that his counsel advised him of his right to testify and to present witnesses and that he chose not to testify. The Michigan trial court found based upon this colloquy that Houston's counsel did not interfere with his right to testify but rather simply advised him not to testify. This factual determination is presumed correct on habeas review, 28 U.S.C. § 2254(e). Petitioner has failed to rebut this presumption by clear and convincing evidence.

### 3. Failure to object to the admission of prior bad acts

Houston asserts that his trial counsel was ineffective for failing to object to the admission of evidence that Houston brandished a gun and threatened to kill Crooks over drug turf. This claim is meritless because Houston's counsel did object to this evidence on the grounds of relevance, but was overruled, and the Michigan Court of Appeals affirmed the trial court's ruling. *People v. Houston*, 2004 WL 2533568 at *1.

### 4. Failure to advance a defense of manslaughter

Finally, Houston argues that his trial counsel was ineffective for failing to advance a defense of manslaughter. He argues that both Crooks and Johnson testified that there had been heated words between Houston and Thomas prior to the shooting. Houston argues that based on this evidence, his trial counsel should have sought the inclusion of a manslaughter charge in order to give the jury an alternative to first degree murder.

Houston's trial counsel was not ineffective for failing to seek a manslaughter charge. Michigan law requires instruction on lesser offenses only when there is sufficient evidence upon which a reasonable jury could convict a defendant on the lesser offense. *People v. Pouncey*, 437 Mich. 382, 387 (1991). Legally adequate provocation is a necessary element of voluntary manslaughter. *Id.* at 388. The provocation Houston claims is simply words, which Michigan courts have generally held insufficient to constitute legally adequate provocation, particularly for homicide. *Id.* at 391. As Houston was not entitled to a manslaughter charge, his trial counsel was not ineffective for failing to seek one.

**D.  Insufficient Evidence of Deliberation and Premeditation**

Houston's fourth claim for habeas relief is that there was insufficient evidence of premeditation and deliberation to support a conviction for first degree murder.  The trial court's order rejecting this claim combined it with the jury-instruction claim asserted by Houston in his appeal by right.  *See* November 15, 2006 Order at 2.  The trial court did not deal with the specific issue raised by Houston in its order denying relief from judgment.  Thus, to obtain habeas relief, Petitioner must establish that there was no reasonable basis for the Michigan courts to deny relief.  *Harrington*, __ U.S. __, 131 S. Ct. at 784.  Petitioner cannot do so on this record.

A claim that the evidence at trial is insufficient to support conviction is cognizable under 28 U.S.C. § 2254.  *Brown v. Palmer*, 441 F.3d 347, 551 (6th Cir. 2006).  Sufficient evidence supports a conviction if, after viewing the evidence in the light most favorable to the prosecution, the court can conclude that any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  *Jackson v. Virginia*, 443 U.S. 307, 324 (1979).

In order to convict a defendant of first degree murder, Michigan law requires evidence that the defendant had sufficient time between initial thought and ultimate action to subject the nature of his action to a "second look."  *People v. Tilley*, 405 Mich. 38, 45 (1978).  Laverno Crooks and Jovan Johnson each testified that Houston was the aggressor, shot the victim from behind and then approached the victim and fired several more shots into him as he lay on the ground.  A reasonable jury could have found this evidence sufficient to support the element of deliberation and premeditation under Michigan law.  *See Tilley*, 405 Mich. at

12

45 (evidence that interval of one second to one minute lapsed between obtaining gun and first volley of shots, plus brief interval between first and second volley of shots, and evidence that the defendant raised the gun to shoot the second time and shot the gun with two hands was sufficient to support a first degree murder conviction).

### E. Cumulative Error

Petitioner argues that the cumulated errors of his trial counsel justify habeas relief. In this Circuit, claims of cumulated trial errors are not cognizable under § 2254. *Moore v. Parker*, 425 F.3d 250, 256 (6th Cir. 2005). Thus, this argument does not merit further discussion.

### F. Ineffective assistance of appellate counsel

Petitioner's sixth habeas claim asserts ineffective assistance of appellate counsel. Specifically, Petitioner asserts that his appellate counsel was ineffective for failing to raise the first five claims for habeas relief in Petitioner's direct appeal. The Michigan trial court rejected Petitioner's claim of ineffective assistance of appellate counsel in deciding Petitioner's MCR 6.500 motion. *See* Order Dated November 15, 2006. This determination was not an unreasonable application of United States Supreme Court precedent. As discussed above, Petitioner's first five habeas claims lack merit. Therefore, his appellate counsel was not ineffective for failing to raise them on direct review.

### G. Introduction and argument of evidence that Petitioner had assaulted prosecution witness Lavero Crooks with a gun and had threatened to kill him over drug turf

13

On direct appeal, Houston raised the two claims which now form the basis of his seventh and eighth habeas claims. The Michigan Court of Appeals addressed the claim that currently forms the basis of Houston's seventh habeas claim as follows:

> Defendant's first claim on appeal concerns the prosecution's admission of evidence that defendant assaulted with a gun and threatened to kill witness Lavero Crooks. We begin by reviewing the context in which this evidence was admitted.
>
> At trial, Crooks testified that he and defendant were friends on September 6, 2002, the date of the incident in the present case. Crooks, a drug dealer, stated that on that date, he observed defendant confront the victim regarding whether the victim, who was a drug user, would make a purchase from defendant, another drug dealer on defendant's block. According to Crooks, the confrontation culminated with defendant entering a residence and returning with a firearm that he used to shoot and kill the victim. Thus, to the prosecution, Crooks was a significant eyewitness to the crime.
>
> However, Crooks did not come forward to police immediately. Rather, he testified that on three occasions he refused to cooperate with police when they questioned him about the homicide. On November 9, 2002, Crooks had an encounter with defendant. Crooks testified that he had slept in his car that evening and awoke to find defendant pointing a gun at his head and threatening to kill him. Crooks stated that defendant told him, "you don't run this block. This is my block." Crooks reported this assault to the police. Crooks then assisted the police in arresting defendant and revealed to police that he witnessed the homicide at issue in the present case.
>
> The record also reveals that before defense counsel made an opening statement to the jury, he addressed the court outside of the jury's presence concerning the potential evidence of defendant's assault on Crooks. In essence, defense counsel requested permission from the trial court to introduce the fact that Crooks did not cooperate with police regarding the homicide investigation until after he made an assault complaint against defendant, without opening the door to the prosecution to reveal the details of the assault itself. The trial court declined to make a ruling at that point in the proceeding.
>
> Subsequently, during direct examination of Crooks, the prosecution, apparently now anticipating defendant's strategy, questioned Crooks about the assault. Defendant objected on grounds of relevance, but the trial court overruled the objection, finding that the evidence was relevant to Crooks' reason to testify, and at that point Crooks testified about the assault. Additionally, Crooks testified on direct examination that this incident ended his friendship with defendant, but that the reason that he decided to testify against defendant in this case was unrelated to the assault. Rather, Crooks maintained that he "felt bad because a person['s] life was taken," and testifying for the

14

prosecution "would make me rest easy." On cross-examination, Crooks again denied that any connection existed between the assault and his testimony despite, as defense counsel's questioning suggested, the coincidence of the timing between the assault and Crook's subsequent decision to cooperate with the investigation and prosecution of this case.

Defendant complains on appeal that the introduction of this evidence of his assault on Crooks denied him a fair trial. Specifically, defendant argues that such evidence was improperly admitted under MRE 404b and 403.

We review a trial court's decision on admission of evidence for an abuse of discretion. *People v. Katt*, 468 Mich. 272, 278; 662 NW2d 12 (2003). However, to preserve an issue for review on appeal, a party usually must make a timely objection and specify the same grounds for challenge as the party seeks to assert on appeal. *People v. Kimble*, 470 Mich. 305, 309; 684 NW2d 669 (2004); *People v. Moorer*, 262 Mich.App 64, 78; 683 NW2d 736 (2004). In this case, although defendant timely objected, he specified grounds of relevance. Consequently, his claims under MRE 404b and 403 are unpreserved. We review unpreserved claims for plain error. *People v. Carines*, 460 Mich. 750, 763; 597 NW2d 130 (1999); Moorer, supra at 68.

To avoid forfeiture under the plain error rule, three requirements must be met: (1) an error must have occurred; (2) the error must have been plain error; (3) and the plain error must have affected substantial rights, i.e., the defendant was prejudiced (the defendant generally must show that the error affected the outcome of the lower court proceedings). An appellate court must then exercise its discretion in deciding whether to reverse a defendant's conviction. Reversal is warranted only when the plain error results in a conviction of an innocent defendant or seriously affects the fairness, integrity, or public reputation of judicial proceedings independent of the defendant's innocence. [ Moorer, supra (citations omitted).]

Here, we find no plain error because defendant essentially was the proponent of the evidence. Before the court, defendant indicated his intent to utilize this evidence to attack Crooks' credibility, which was clearly at issue. In response, as a matter of trial strategy, the prosecutor appears to have chosen to attempt to diffuse the probative value of the evidence to the defense by introducing it on direct examination.FN1 Without proper objection, this trial tactic does not shift to the prosecution the obligation to defend the admissibility of the evidence against MRE 404b or 403 challenges on appeal.

FN1. See MRE 607 ("The credibility of a witness may be attacked by any party, including the party calling the witness.")

Further, to the extent that defendant's preliminary discussions with the trial court can be interpreted to be as an objection under MRE 403, we note that defendant never

15

requested a ruling at the time the evidence was being presented as the trial court had suggested. Determinations of whether the prejudicial effect of evidence outweighs its probative value are best left to the trial court. *People v. Bahoda*, 448 Mich. 261, 291; 531 NW2d 659 (1995). Without the benefit of a contemporaneous assessment by the trial court of the presentation, credibility, and effect of the testimony, id., we conclude that defendant has not established that admission of the evidence of an assault by defendant on Crooks constituted an abuse of discretion.

*People v. Houston*, 2004 WL 2533568, *1-2 (Mich. App. 2004)

The state court applied a plain error review because the defendant objected to the admission of the evidence solely on the grounds of relevance, rather than on the grounds that the evidence was improper under Michigan Evidence Rules 403 and 404b.[2] Thus, it appears that the doctrine of procedural bar applies to this claim. *Lundgren v. Mitchell*, 440 F.3d 754, 765 (6th Cir. 2006) (where the state court declares itself limited to plain error review because of the petitioner's failure to raise an issue, the state procedural bar has been established and the cause and prejudice test applies). Even if no procedural bar applied, habeas relief would not be available to petitioner on this claim because state law claims are not cognizable on habeas review and because the state court's rejection of petitioner's jury instruction claim is not unreasonable under clearly established United States Supreme Court precedent.

Federal habeas relief is not available for errors of state law. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). Issues concerning the admissibility of evidence under state law do not permit habeas relief unless they are so egregious as to deny the petitioner a fundamentally fair trial. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

---

[2]MRE 403 allows the trial court to exclude otherwise relevant evidence where its probative value is substantially outweighed by the danger of unfair prejudice. MRE 404b allows for the exclusion of evidence of prior crimes and bad acts used to prove conduct in conformity therewith.

16

The Petitioner here was not denied a fundamentally fair trial by the admission of evidence that he had assaulted and threatened Laverno Crooks over drug turf. As the Michigan court pointed out, the defense was essentially the proponent of the evidence of the attack on Crooks. The fact of the attack diminished Crooks' credibility because it gave him a motive to fabricate. As a key witness, Crooks's credibility is strongly relevant. Furthermore, the United States Supreme Court has never held that admission of evidence of an attack on a witness violates a defendant's due process rights. The holding of the Michigan courts is thus not an unreasonable application of clearly established United States Supreme Court precedent.

## H.  Erroneous Jury Instructions

Petitioner also raised his eighth habeas claim in his appeal by right. The Michigan Court of Appeals addressed this claim, dealing with alleged jury instruction error, as follows:

> Next, defendant argues that the trial court erroneously instructed the jury on the causation element of first-and second-degree murder. However, by affirmatively indicating his satisfaction with the jury instructions, defendant waived appellate review of this issue. *People v. Lueth*, 253 Mich.App 670, 688; 660 NW2d 322 (2002). In any event, we find without merit defendant's claim that the causation instructions were improper. Defendant relies on a technical interpretation of the causation instructions, which is not warranted in the context of the issues raised in the trial. Taken as a whole, the instructions adequately protected defendant's rights by fairly presenting to the jury the issues in this case. *People v. Dumas*, 454 Mich. 390, 396; 563 NW2d 31 (1997). Consequently, defendant's claim that counsel was ineffective for failing to object is likewise without merit. *People v. Rodriguez*, 212 Mich.App 351, 356; 538 NW2d 42 (1995) (observing that "counsel is not required to make a groundless objection").

*People v. Houston,* 2004 WL 2533568 at *3 (Mich. App. 2004)

The doctrine of procedural bar applies to this claim. The state court applied a plain error review because the defendant waived his claim by consenting to the instructions. *See*

17

*Lundgren*, 440 F.3d at 765 (where the state court declares itself limited to plain error review because of the petitioner's failure to raise an issue, the state procedural bar has been established and the cause and prejudice test applies).

Even if no procedural bar applied, habeas relief would not be available to petitioner on this claim because the state court's rejection of petitioner's jury instruction claim is not unreasonable under clearly established United States Supreme Court precedent. Habeas relief on the basis of erroneous jury instructions requires a Petitioner to show more than that the jury instructions at issue were undesirable, incorrect or universally condemned. In order to obtain habeas relief, the petitioner must show that the jury instructions, taken as a whole, were so infirm that they rendered the entire trial fundamentally unfair. *Estelle*, 502 U.S. at 72.

The jury instruction at issue here stated that the first element of first degree murder was that "the defendant caused the death of Carlton Thomas. That is, that Mr. Thomas died as a result of being shot." The court also instructed the jury that the first element of second degree murder was that "the defendant caused the death of Carlton Thomas. That is, that Mr. Thomas died as a result of being shot." Petitioner argues that these instructions required the jury to presume that the causation element is met if they found that the victim died as a result of being shot and therefore shift the burden of proof to the defendant.

These jury instructions may be erroneous, in that the second sentence of each charge omits the words "by defendant." Even if the instructions are erroneous, the jury instructions as a whole were not so infirm as to render the entire trial fundamentally unfair. Taken as a whole, the instructions required the jury to find that the defendant was the person that shot

18

the victim in order for a conviction to be had on either first degree or second degree murder. The holding of the Michigan courts was thus not contrary to or an unreasonable application of clearly established United States Supreme Court precedent.

## CONCLUSION

Petitioner has failed to establish entitlement to habeas relief. The Petition is therefore **DENIED**.

As jurists of reason could not dispute this conclusion or find that Petitioner's claims deserve to proceed further, the Court **DECLINES** to grant a certificate of appealability under 28 U.S.C. § 2253(c)(2).[3] *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

---

[3] "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

**SO ORDERED**.

                          s/Lawrence P. Zatkoff
                          LAWRENCE P. ZATKOFF
                          UNITED STATES DISTRICT JUDGE

Dated:  March 25, 2011

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on March 25, 2011.

                          s/Marie E. Verlinde
                          Case Manager
                          (810) 984-3290