UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHON HOUSTON,

    Petitioner,                                 Civil No. 2:08-CV-10963
                                              HONORABLE SEAN F. COX
v.                                               UNITED STATES DISTRICT JUDGE

NICK J. LUDWICK,

    Respondent,
_____/

**OPINION AND ORDER DENYING THE
EMERGENCY MOTION FOR TEMPORARY RELEASE ON BOND (ECF No. 27)**

This Court's predecessor, Judge Lawrence P. Zatkoff, denied habeas relief to petitioner in 2011. *Houston v. Ludwick*, No. 2:08-CV-10963, 2011 WL 1135465 (E.D. Mich. Mar. 25, 2011); No. 11-1528 (6th Cir. Jan. 5, 2012)(order). On November 17, 2020, the United States Court of Appeals for the Sixth Circuit granted petitioner permission pursuant to 28 U.S.C. § 2244(b)(3)(A) to file a successive habeas petition based on his argument that he had newly discovered evidence to support an ineffective assistance of counsel claim. *In Re Houston,* No. 18-1579 (6th Cir. Nov. 17, 2020). Petitioner has yet to file an actual petition with this Court.

Petitioner filed a motion for emergency release on bond. For the reasons that follow, the motion is DENIED.

In order to receive bond pending a decision on the merits of a habeas corpus petition, a petitioner must show a substantial claim of law based on the facts and exceptional circumstances justifying special treatment in the interest of justice. *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993)(*quoting Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990)); *See also Nash v. Eberlin,* 437 F. 3d 519, 526, n. 10 (6th Cir. 2006). There will be few occasions where a habeas petitioner meets this standard. *Dotson*, 900 F. 2d at 79. Federal courts may grant bail when granting the writ. *See*

1

*Sizemore v. District Court,* 735 F. 2d 204, 208 (6th Cir. 1984). By implication, a federal court should not grant bail under other circumstances. In light of the fact that petitioner has failed to establish at this time that he would prevail on the merits of his claims, he is not entitled to release on bail. *See e.g. Greenup v. Snyder,* 57 F. App'x. 620, 621-22 (6th Cir. 2003).

Petitioner, however, seeks release on bond, claiming that his health is in danger because of the current historic Coronavirus pandemic and the risks that the virus poses to inmates. Petitioner claims that he has actually tested positive for Coronavirus in the past and is concerned about becoming reinfected.

The Court is sympathetic to petitioner's concerns. Nonetheless, petitioner is not entitled to emergency release on bond.

Petitioner's request to be released due to COVID-19 is completely unrelated to the ineffective assistance of counsel claims that he wishes to raise in his habeas petition. As such, the claims and relief requested in petitioner's motion for release are "outside the scope of this lawsuit." *Ross v. Chapman*, No. 2:19-CV-13729, 2021 WL 148020, at * 4 (E.D. Mich. Jan. 15, 2021). "Petitioner may not "piggy-back" a separate, unrelated claim to his habeas petition." *Id.*

There is no allegation that petitioner has been exposed again to the Coronavirus, nor has he shown that the State of Michigan is unable or unwilling of protecting him and other inmates through precautionary measures. *Titus v. Nagy*, No. 2:18-CV-11315, 2020 WL 1930059, at * 3 (E.D. Mich. Apr. 21, 2020), *reconsideration denied,* No. 2:18-CV-11315, 2020 WL 2733882 (E.D. Mich. May 26, 2020). The Director of the Michigan Department of Corrections (MDOC) issued a memorandum, listing in detail the numerous steps undertaken by the MDOC to protect staff and prisoners from the spread of COVID-19. The Director's memorandum outlines various precautionary measures that staff should take to prevent the spread of COVID-19. These

precautionary measures include: developing isolation areas for the placement and treatment of prisoners who (i) have tested positive for COVID-19, (ii) are under investigation for having COVID-19, or (iii) have had close contact with known-positive COVID-19 individuals; the wearing of protective gear; the screening of individuals entering correctional facilities; and social distancing. *Id.* Governor Gretchen Whitmer also promulgated certain protocols to mitigate the spread of COVID-19 among state prisoners and employees who work in state prisons. Executive Order 2020-119 requires MDOC to continue the risk-reduction protocols already in place and implemented in its facilities. These protocols include: screening persons entering and departing facilities; restricting visitors; limiting off-site appointments; developing and implement protocols for inmates with COVID-19 symptoms; providing personal protective equipment for staff; stringently cleaning areas and surfaces; ensuring access to personal hygiene products; practicing social distancing; and minimizing crowding. *Id.*

The extensive precautionary measures undertaken by the MDOC to limit inmates' exposure to Covid-19 at the direction of the Governor and the Director of the MDOC rebut petitioner's argument that exceptional circumstances exist to justify his release on bond.

Furthermore, petitioner's case is distinguishable from cases in which habeas petitioners were released on bond. Unlike the petitioner who was released on bond in *Puertas v. Overton*, 272 F. Supp.2d 621 (E.D. Mich. 2003), petitioner failed to show that he is in dire health, suffers from severe coronary disease, or required to follow a life-preserving regimen for an aggressive form of cancer.

Petitioner's case also is distinguishable from *Clark v. Hoffner*, No. 2:16-cv-11959, 2020 WL 1703870 (E.D. Mich. Apr. 8, 2020), a case in which a habeas petitioner was released on bond due to the threat of COVID-19 at the Lakeland Correctional Facility. In that case, Judge Victoria

A. Roberts had already granted habeas relief on petitioner's claim and concluded that there was evidence of actual innocence. Additionally, that petitioner had followed all conditions of bond when he was previously released, and after the Sixth Circuit ordered the District Court to reverse its order granting release on bond, the Wayne County's Conviction Integrity Unit investigated the case and was prepared to recommend that the petitioner be completely exonerated or given a new trial.

Unlike the *Clark* case, petitioner has yet to even file a petition for writ of habeas corpus with this Court. Petitioner has not shown at this time that he is entitled to release on bond.

Based on the foregoing, the Emergency Motion for Release (ECF No. 27) is DENIED.

Dated: February 8, 2021                    s/Sean F. Cox
                                                                  Sean F. Cox
                                                                  U. S. District Judge